Louis MORALES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 81803.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 2003.

Scott Thompson, Assistant State Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Louis Morales ("movant") appeals from the judgment of the motion court denying his motion for post-conviction relief pursuant to Rule 24.035 on the merits without an evidentiary hearing. In his motion, movant claims that he was denied effective assistance of counsel in that his plea attorney failed to inform him that as a direct and immediate consequence of movant pleading guilty to charges of rape and sodomy, movant would be subject to the Sexually Violent Predator statutes at the conclusion of his sentence, and but for plea counsel's failure to inform him of this, movant would not have pled guilty. Finding no error, we affirm.

On September 17, 2001, movant pleaded guilty to the following felony charges: five counts of statutory rape in the first degree and three counts of statutory sodomy in the first degree. The State entered an order of nolle prosequi on four other counts of sodomy at that time. Movant did not enter into a plea agreement with the State, but rather pleaded to the court. The trial court ascertained that movant was fluent in English as well as Spanish, then advised movant of his constitutional rights and the range of punishment for these charges. Movant expressed his understanding that a guilty plea would waive his right to a jury trial, and his comprehension of the range of punishment for the charges. The trial court also explained that it would determine the sentence, which movant indicated that he understood. The prosecutor stated what the State's evidence would show, and movant agreed that was what he was pleading

guilty to, and accepted responsibility. The trial court stated that it would order a report from the probation office prior to sentencing and would take everything into consideration, and that it was not making any promises as to what sentence movant would receive. Movant stated that he understood this, and that it was acceptable to him. The trial court again asked movant if he was pleading guilty with no assurances as to sentencing, to which movant replied "[r]ight." The trial court accepted movant's plea of guilty, with the record reflecting that the court found that the plea had been entered into voluntarily and with an understanding of the nature of the charges.

At the sentencing hearing on November 8, 2001, the trial court indicated that it had received and reviewed the presentencing report, and had discussed it with the attorneys for movant and the State. The trial court had also reviewed the numerous certificates that movant had earned at the County Department of Justice for completion of a number of programs. The trial court sentenced movant to fifteen years of imprisonment on each of the eight charges, all to run concurrently. The trial court advised movant of his post-conviction relief rights. The trial court asked movant if he had had enough time to talk with his counsel about the case by the time of the plea, and if his counsel had answered his questions to his satisfaction, to which movant replied affirmatively. The trial court also asked if movant's counsel had prepared and investigated the case to movant's satisfaction, to which movant indicated that he was satisfied with his attorney's conduct. Movant agreed that his plea of guilty had been presented to the court as a "blind plea," a plea of guilty made without a plea bargain, in which the trial court would determine the sentence, and that

the court had told him what the range of the sentence would be. Upon further questioning by the court, movant indicated that the court had not promised him any particular sentence, and that he had no complaints or criticism about the representation that he received from his attorney.

Movant timely filed a pro se motion for post-conviction relief pursuant to Rule 24.035 on January, 2002, alleging ineffective assistance of counsel and that his sentence was too long and too harsh. Counsel was appointed for movant, and his attorney filed an amended motion for post-conviction relief on April 29, 2002. The motion court filed findings of fact and conclusions of law on August 12, 2002, in which it denied movant relief without an evidentiary hearing. Movant now appeals.

■ Appellate review of the court's denial of a motion for post-conviction relief is not de novo. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are presumptively correct. *Id.* This Court's review is limited to the determination of whether or not the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). We will find the motion court's findings and conclusions clearly erroneous only if, after a review of the entire record, we are left with the firm and definite impression that a mistake has been made. *Taylor*, 929 S.W.2d at 224. The movant has the burden of proving, by a preponderance of the evidence, that the motion court clearly erred. Rule 24.035(k); *Buckner v. State*, 35 S.W.3d 417, 420 (Mo.App.2000). An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines that the motion and the files and records of the case conclusively show

that movant is not entitled to relief. Rule 24.035(h); *Brown v. State*, 67 S.W.3d 708, 709 (Mo.App.2002). To be entitled to an evidentiary hearing, movant must: (1) allege facts, not conclusions, which merit relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters must have resulted in prejudice to movant. *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000); *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000).

■ In his sole point on appeal, movant contends that the motion court erred in denying his motion without an evidentiary hearing because he alleged facts that were not refuted by the record, that if proven would entitle him to relief. Movant alleges that he was denied effective assistance of counsel in that his plea attorney failed to inform him that as a direct and immediate consequence of his decision to enter a guilty plea, movant would be subject to the Sexually Violent Predator laws at the end of his sentence. Movant alleges that but for the ineffective assistance of his plea counsel, he would not have pled guilty, but rather would have proceeded to trial.

■ In order to show that counsel's assistance was so defective as to require reversal, movant must show that counsel's performance was deficient and that this deficiency prejudiced the defense. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998). To show prejudice where movant entered a plea of guilty, movant must show that but for counsel's errors, movant would not have pled guilty and would instead have insisted on proceeding to trial. *Id.* Following a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly. *Gream v. State*, 90 S.W.3d 498, 501 (Mo. App.2002).

Counsel has a basic duty to discuss with a defendant the possible consequences involved in the case, including the range of possible punishment. *Brown,* 67 S.W.3d at 710. However, counsel only has an obligation to inform a defendant of the direct consequences of a guilty plea and has no duty to inform a defendant of the collateral consequences of pleading guilty. *Id.* Therefore, the failure of counsel to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. *Id.*

At issue here is whether the civil commitment provisions of sections 632.480 to 632.513 RSMo 2000 ("Sexually Violent Predators laws") are a direct or collateral consequence of movant's guilty plea.[1]

Rule 24.02(b) sets out the "Advice to Defendant" that the court must give prior to accepting a plea of guilty from a defendant. This rule states:

(b) Advice to Defendant. Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

4. That, if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

The rights and results of a guilty plea that are provided in Rule 24.02 have been referred to as direct consequences of pleading guilty. *Id.* at 711. The list provided in Rule 24.02 does not include advising a defendant of civil commitment provisions of the Sexually Violent Predator laws.

Direct consequences of guilty pleas also have been defined as consequences that definitely, immediately, and largely automatically follow the entry of guilty plea. *Id.* Nothing in the Sexually Violent Predators laws nor in the statutes on statutory rape and statutory sodomy, sections 566.032 and 566.062, respectively, state that movant will automatically and definitely be determined to be a sexually violent predator. The definition of "sexually violent predator" requires that the person suffer from "a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility[.]" Section 632.480. There is nothing in the record before this Court that shows that movant suffers from a mental abnormality that would make him more likely than not to engage in predatory acts of sexual violence if not confined.[2] Movant will not automati-

---

1. Unless noted otherwise, all further statutory references are to RSMo 2000.

2. Movant told his plea counsel that he had no prior sexually related felony convictions. There is no evidence in the record of any

cally and definitely become a sexually violent predator under the relevant statutes and be committed to the custody of the Department of Mental Health at the conclusion of his sentence just because of his guilty pleas to the charges of statutory rape in the first degree and statutory sodomy in the first degree. The Sexually Violent Predators laws are not criminal statutes; they are civil commitment laws that are not part of the criminal case.

There is also a great deal of discretion that must be exercised before a person can be civilly committed as a sexually violent predator under sections 632.480 to 632.513. Pursuant to section 632.483.4, a multidisciplinary team must assess whether or not a person meets the statutory definition of a "sexually violent predator." The multidisciplinary team has to notify the attorney general of the results of its assessment. A prosecutors' review committee consisting of five members reviews the records of any person referred to the attorney general under section 632.483.1 to make a determination of whether or not the person meets the definition of "sexually violent predator," which determination is not admissible evidence in any proceeding to determine if the person is a sexually violent predator. Section 632.483.5. The assessment of the multidisciplinary committee is made available to this prosecutors' committee as well as the attorney general.

If the prosecutors' review committee determines by a majority vote that the person meets the definition of a sexually violent predator, the attorney general may file a petition in the probate division of the circuit court in which the person was convicted or committed pursuant to Chapter 552 RSMo. Section 632.486. The judge then has to determine if there is probable cause to believe that the person named in the attorney general's petition is a sexually

psychiatric or psychological evaluations of

violent predator, and if such determination is made, the person is taken into custody. Section 632–489.1. A hearing is held within seventy-two hours, excluding weekends and legal holidays, to contest probable cause. Section 632.489.2.

If the probable cause determination is made, the court directs the person to a secure facility, where the director of the Department of Mental Health will have the person examined by a psychiatrist or psychologist who was not a member of the multidisciplinary team that reviewed the person's records. The person, at his own expense, may also have a psychiatrist or psychologist of his choice examine him. An examining psychiatrist or psychologist has the authority to interview people, unless the court orders otherwise for good cause, and has access to all materials and reports available to the multidisciplinary team, as well as police reports concerning sexual offenses involving the person. Section 632.489.4. Within sixty days of the mental examination of the person, the court conducts a trial, which may be a bench trial or a jury trial to determine if the person is a sexually violent predator. Section 632.492. The court or jury has to determine whether, beyond a reasonable doubt, the person is a sexually violent predator. If a jury determines that the person is a sexually violent predator, it must be by unanimous verdict. This determination, whether by court or by jury, is appealable. If the court or jury determines that the person is a sexually violent predator, then the person will be committed to the care and custody of director of the Department of Mental Health, until the person's mental abnormality has changed such that the person is safe to be at large. Section 632.495.

movant.

Under sections 632.480 to 632.513, a person that has pleaded guilty of statutory rape in the first degree and/or statutory sodomy in the first degree is not automatically civilly committed as a sexually violent predator. The prosecutors' review committee has discretion to determine if the person is a sexually violent predator. A court then has to determine that there is probable cause that the person is a sexually violent predator, and then hold a hearing to contest the probable cause. Finally, there must be a trial to determine whether, beyond a reasonable doubt, the person is a sexually violent predator. None of these civil procedures are a part of the person's criminal trial. These are not consequences that definitely, immediately, and largely automatically follow the entry of a plea of guilty. The record before the Court in this case does not indicate whether movant would be found to be a sexually violent predator under the relevant statutes following his plea of guilty. Under the circumstances presented here, a finding that movant is a sexually violent predator does not "definitely, immediately, and largely automatically" follow his guilty plea. Movant's counsel did not render ineffective assistance of counsel by failing to inform movant of the collateral consequence of civil commitment under sections 632.480 to 632.513. Point denied.

The judgment of the motion court is affirmed.

MARY R. RUSSELL, P.J., concurs.

BOOKER T. SHAW, J., concurs.