Chad CARTER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 86995.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 2006.

Application for Transfer Denied
March 20, 2007.

---

Jo Ann Rotermund, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Chad Carter ("movant") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on the merits after an evidentiary hearing [1]. Movant claims the motion court erred because neither the plea court, nor plea counsel advised him of possible future civil commitment under Missouri's Sexually Violent Predator Act ("SVPA"). Additionally, movant claims the judgment on his conviction for sexual misconduct involving a child by indecent exposure must be reversed because it was based upon an unconstitutional statute. We affirm.

Movant was charged with two counts of first degree statutory sodomy, two counts of first degree child molestation, one count of sexual misconduct involving a child by indecent exposure, and one count of endangering the welfare of a child in the first degree. Movant pleaded guilty to all counts. The court sentenced him to terms of twelve years for each of the counts of statutory sodomy, and twelve years for one count of first degree child molestation. The court also sentenced movant to seven years for the additional count of child molestation in the first degree and seven years for the count sexual misconduct involving a child by indecent exposure. Finally, the court sentenced movant to seven years' imprisonment for the charge of first degree endangering the welfare of a child. Movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence. Counsel was appointed, and counsel filed an amended motion and request for evidentiary hearing. The court granted movant's request for an evidentiary hearing. After the hearing, the court entered its findings of fact, conclusions of law and judgment, granting movant's claim regarding the discrepancy in the oral pronouncement of sentence on the charge of endangering the welfare of a child, but denying movant's motion in all other respects. The court entered an amended judgment, reflecting the correct sentence for count six, endangering the welfare of a child, and the present appeal followed. We affirm.

"We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous." *Ramsey v. State*, 182 S.W.3d 655, 657 (Mo.App.2005); (citing *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004)). If, after reviewing the record, we are left with the definite and firm impression a mistake has been made, the motion court's findings and conclusions will be deemed clearly erroneous. *Id.*

In his first point on appeal, movant claims the motion court clearly erred be-

---

1. We note that the motion court did correct a clerical error regarding the written judgment and sentence with respect to count six; however, the clerical error is not at issue on appeal. The court denied movant's motion in all other respects.

cause the plea court failed to inform movant of the possibility of future civil commitment under the SVPA. Movant argues that this failure rendered movant's pleas unknowing and unintelligent.

Missouri adopted the Sexually Violent Predator Act in 1999. This established a procedure for the civil commitment of individuals who are determined to be "sexually violent predators." Section 632.483 RSMo (Cum.Supp.2002)[2] provides that a person who has been convicted of a sexually violent offense and is scheduled to be released from the Department of Corrections may be evaluated regarding whether that person meets the criteria of a sexually violent predator. Section 632.480 defines the term "sexually violent offense." This definition includes the felony of first degree statutory sodomy and first degree child molestation, offenses to which movant pleaded guilty.

Pursuant to Rule 24.02, the court must inform movant of and determine that movant understands, "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." Movant argues that the plea court failed to advise him of the maximum sentence he could receive. Movant bases his claim on the fact that because he pleaded guilty to "predicate offenses" to civil commitment under the SVPA, the plea court had a duty under Rule 24.02 to inform him that he could possibly be subject to civil commitment as the "maximum possible punishment" he could receive. However, movant incorrectly characterizes the potential for civil commitment under the SVPA as a direct consequence, rather than a collateral consequence of his guilty plea.

As the motion court noted in its judgment, a similar issue was addressed in *Morales v. State*, 104 S.W.3d 432 (Mo.App. 2003). In *Morales*, this court determined that the possibility of civil commitment under the SVPA is a collateral consequence to a movant's guilty plea. *Id.* at 437. As the court in *Morales* noted, civil commitment under the SVPA is not an automatic or definite result following a guilty plea to any sexually violent offense. *Id.* at 435. The SVPA sets forth several procedures which much be followed in order for an individual to be civilly committed as a sexually violent predator. It is not a consequence that definitely, immediately, or automatically follows the entry of a guilty plea. *Id.* (direct consequences of guilty pleas have been defined as those which "definitely, immediately, and largely automatically follow the entry of guilty plea." (citation omitted)).

Movant attempts to argue that *Morales* does not apply to the question of whether the plea court has an obligation to inform him of the possibility of future civil commitment because it addressed the issue from the perspective of plea counsel's obligation to inform movant of such a potential consequence. However, although the court in *Morales* did consider the issue in the context of a claim of plea counsel's failure to inform the movant of the potential commitment, we believe the rationale applies equally to the plea court's obligation to inform a movant regarding the possibility of civil commitment.

Moreover, movant attempts to argue that the court in *Morales* failed to consider the principle of fundamental fairness under due process. Movant argues that even if the plea court was not required by Rule 24.02 to advise him of the potential consequence of civil commitment under the SVPA, due process requires the court to

**2.** All further statutory references are to RSMo (Cum.Supp.2002), unless otherwise indicated.

inform him of the potential consequence of commitment. In support of this argument, movant cites a New Jersey case, *State v. Bellamy,* 178 N.J. 127, 835 A.2d 1231 (2003).

In *Bellamy,* the New Jersey Supreme Court considered whether a defendant, who had pleaded guilty to a predicate offense for commitment pursuant to the New Jersey Sexually Violent Predator Act, was entitled to be informed by the trial court and counsel about the possibility of commitment under the Act. The court found that commitment was not a direct consequence of a guilty plea, but instead was a collateral consequence. 835 A.2d at 1238. However, the court continued, finding that "fundamental fairness" required the trial court to inform the defendant of the possibility of commitment as part of the "nature of the charge and the consequences of the plea." *Id.* The court reasoned that, "when the consequence of a plea may be so severe that a defendant may be confined for the remainder of his or her life, fundamental fairness demands that the trial court inform defendant of that possible consequence." *Id.*

▮▮▮▮ The motion court found that *Bellamy* should not be followed in Missouri, and we agree. The Missouri Supreme Court has determined that, "[d]ue process requires that a person who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *State v. Shafer,* 969 S.W.2d 719, 731 (Mo. banc 1998). Rule 24.02 was designed to assist in assuring that a defendant entered his plea voluntarily and knowingly, and our court interpreted the dictates of Rule 24.02 in *Morales.* The trial court is required to inform a movant of only the direct consequences of pleading guilty. *Ramsey,* 182 S.W.3d 655, 659 (citation omitted). The court is not required to inform the movant of the collateral conse-

quences of his plea. *Id.* In *Morales,* this court determined that the potential for future civil commitment under the SVPA is a collateral consequence to a guilty plea. 104 S.W.3d at 437. The courts in Missouri have provided us with precedent on the issue presented by movant, and therefore, we need not look to law from another jurisdiction for guidance. Based upon this court's decision in *Morales,* the plea court in the present case was not required to inform movant of such a possibility. As a result, the motion court did not err in denying movant's request for post-conviction relief in this regard. Point denied.

In his second point on appeal, movant argues that plea counsel was ineffective for failing to inform movant of the possibility of future civil commitment under the SVPA. Movant argues that the potential commitment was a direct consequence of his guilty plea. Even if it is not a direct consequence, but instead a collateral consequence, movant claims the principle of fundamental fairness requires that he be informed of the potential of civil commitment prior to pleading guilty.

▮▮▮▮ A movant's claim that plea counsel was ineffective is essentially rendered irrelevant by the entry of a guilty plea, except to the extent the alleged ineffectiveness affects the voluntariness and knowledge with which a movant enters his plea. *Ramsey,* 182 S.W.3d at 658 (citation omitted). Counsel has a duty to inform movant of the direct consequences of his plea, but not collateral consequences. *Id.* at 659. Plea counsel's failure to inform movant of every collateral consequence of a guilty plea does not provide a sufficient basis to support a claim of ineffective assistance. *Id.*

▮▮▮▮ As previously discussed, the court in *Morales* squarely addressed the issue of whether counsel could be deemed ineffec-

tive for failing to advise a movant of the collateral consequence of the potential for civil commitment under the SVPA. The court determined that such a failure did not constitute ineffective assistance of counsel, and we apply that holding to the present case. 104 S.W.3d at 437. As stated above, given the precedent in Missouri, we need not turn to law from other jurisdictions as movant urges us to do.

Counsel was not ineffective for failing to advise movant of the possibility of civil commitment under the SVPA, and therefore, the motion court did not clearly err in denying his request for post-conviction relief. Point denied.

■ In his third and final point on appeal, movant claims that the court lacked jurisdiction to convict him of sexual misconduct involving a child because section 566.083 RSMo (2000) is unconstitutional. Movant acknowledges that his claim was not raised in his post-conviction motions, nor was it argued at any time prior to the instant appeal. Instead, movant attempts to assert his claim as a jurisdictional defect, rather than as a challenge to the constitutionality of the statute.

■ Movant is correct that a guilty plea does not waive a claim that the court was without jurisdiction to enter the conviction or impose the sentence. *Dorsey v. State*, 115 S.W.3d 842, 845, n. 2 (Mo. banc 2003) (citing *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992)). However, movant's claim is presented pursuant to rule 24.035. Rule 24.035(a) specifically provides that a person who claims that his conviction or sentence violated the constitution or that the court imposing sentence was without jurisdiction to do so may seek relief pursuant to the provisions in the rule. Rule 24.035(a) states that the rule is the "exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Pursu-

ant to Rule 24.035(d), a movant must declare that he has included all claims and acknowledge that any claim not included in the motion is waived.

■ In his motion for post-conviction relief, movant did not challenge the constitutionality of the statute under which he was convicted, nor did he challenge jurisdiction of the court to do so. As previously noted, Rule 24.035 provides the exclusive procedure by which a person may seek relief in the sentencing court following a guilty plea for certain claims. The claims enumerated in Rule 24.035 include both constitutional challenges and jurisdictional challenges, and the rule mandates that these claims be presented in the motion for relief. It has been clearly stated that in the context of a post-conviction motion following a guilty plea, claims that could properly be raised in the motion but were not are waived. *Edwards v. State*, 954 S.W.2d 403, 408 (Mo.App.1997) (citation omitted). Moreover, plain error review is not available to movant because the appellate court lacks jurisdiction to consider claims not raised in movant's post-conviction motion. *Id.*

In his brief, movant relies upon *State v. Burgin*, 203 S.W.3d 713, 716 (Mo.App. 2006), a case recently decided by this court in which a defendant similarly failed to raise a constitutional challenge to section 566.083.1(1) at trial. The state argued that as a result, the issue was waived. Our court noted that the challenge in *Burgin* was to the validity of the statute under which the defendant was convicted, and because a conviction under a subsequently invalidated statute constitutes grounds for believing a manifest injustice has occurred, plain error review was appropriate. *Id.* at 716. However, the court in *Burgin* was faced with a question of preservation in the context of a direct criminal appeal

following a jury verdict and judgment and sentence thereupon. In the instant case, movant pleaded guilty to the charge of sexual misconduct, and no direct appeal was filed. Instead, movant relied upon the relief provided by Rule 24.035. Therefore, he is constrained by the requirements of the rule.

In light of the fact that the case is presented to us pursuant to a motion for post-conviction relief under rule 24.035, movant failed to preserve the issue for our review. Therefore, we are without jurisdiction to consider his claim. Point denied.

The judgment of the motion court is affirmed.

MARY K. HOFF and NANNETTE A. BAKER, JJ., concur.