James **FUJIMOTO**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 98551.

Missouri Court of Appeals, Eastern District, Division IV.

June 4, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2013.

Application for Transfer Denied Oct. 1, 2013.

---

and impartial sentencing and due process because the plea court allowed prejudicial testimony, over his objection, at the sentencing hearing. Fujimoto contends that his guilty plea was involuntary because he would not have entered the plea had he known the plea court would allow such testimony at the sentencing hearing. Fujimoto also claims that his guilty plea was involuntary because the plea court did not inform him that he risked involuntary civil commitment by pleading guilty to forcible rape and forcible sodomy. Missouri law grants the plea court trial broad discretion in conducting an inquiry and considering evidence in assessing punishment. Missouri law also expressly holds that the potential risk of future civil commitment is not a direct consequence of a guilty plea of which a defendant must be informed, but is a collateral consequence requiring no disclosure by the court. Because the motion court committed no clear error in denying Fujimoto's motion for post-conviction relief, the judgment of the motion court is affirmed.

*Factual and Procedural History*

Fujimoto was charged by indictment as a prior offender with forcible rape, Section 566.030,[1] forcible sodomy, Section 566.060, assault in the first degree, Section 565.050, and robbery in the first degree, Section 569.020.[2] On January 7, 2008, Fujimoto pleaded guilty as part of an open plea to all counts. The plea court found that Fujimoto entered his plea knowingly, voluntarily, and intelligently with a full understanding of the consequences of pleading guilty.

Timothy J. Forneris, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

### KURT S. ODENWALD, Judge.

*Introduction*

Appellant James Fujimoto ("Fujimoto") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant to Rule 24.035 without an evidentiary hearing. Fujimoto first argues that he was denied his right to fair

1. All statutory references are to RSMo. Cum. Supp. (2005).

2. Fujimoto was also charged with felonious restraint, Section 565.120, burglary in the first degree, Section 569.160, tampering with

physical evidence, Section 575.100, and four counts of armed criminal action, Section 571.015; however, the State *nolle prosequied* those charges due to the statute of limitations on those offenses.

At Fujimoto's sentencing hearing on February 8, 2008, the State recommended that Fujimoto serve two consecutive life sentences. In support of its recommendation, the State intended to present statements from the victim, her family members, and several others. Prior to the introduction of any witnesses, defense counsel objected to any statements made by Kathleen Hanrahan ("Hanrahan"), director of the YWCA St. Louis Regional Sexual Assault Center, and Kelly Wright ("Wright"), a victim of Fujimoto in a prior, unrelated case. Defense counsel argued that Hanrahan and Wright are not victims of this particular crime, and that Hanrahan's general testimony regarding sexual assaults would require Fujimoto to defend against every sexual crime committed in the City of St. Louis. The plea court denied Fujimoto's request to limit testimony at the sentencing hearing, but allowed Fujimoto a running objection to the testimony of Hanrahan and Wright.

At the sentencing hearing, the State presented testimony from the victim, the victim's husband, father, mother, brother, mother-in-law, and brother-in-law, the victim's husband's aunt, Hanrahan, Wright, Detective Michael McQuillen ("Det. McQuillen"), and Detective Joseph Cintel ("Det. Cintel"). In addition to the running objection to testimony from witnesses Hanrahan and Wright, defense counsel objected to the testimony of Det. Cintel. Fujimoto argued that Det. Cintel would testify about inadmissible uncharged conduct. The plea court overruled Fujimoto's objections. Fujimoto presented several witnesses to speak on his behalf, including his mother, uncle, and another family member.

The plea court sentenced Fujimoto to a life sentence for both the forcible rape and forcible sodomy charges, and ordered these sentences to run concurrently. The plea court sentenced Fujimoto to 25 years in prison for first-degree assault and 25 years for first-degree robbery, and ordered these sentences to run concurrent with each other, but to run consecutive to the life sentences imposed on the rape and sodomy charges. Fujimoto filed an amended motion for post-conviction relief under Rule 24.035, which was denied without an evidentiary hearing. This appeal follows.

## Points on Appeal

Fujimoto's first point on appeal alleges he was denied his right to fair and impartial sentencing and due process when the plea court allowed prejudicial testimony to be introduced at the sentencing hearing over his objection. Fujimoto stated that he would not have pleaded guilty had he known the State would be permitted to put on a "mini-trial" at sentencing. In his second point on appeal, Fujimoto contends that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the plea court failed to inform him that forcible rape and forcible sodomy were sexually violent offenses under the Sexually Violent Predator Act, and that by pleading guilty to these offenses Fujimoto risked involuntary civil commitment. Fujimoto posits the court's failure to inform him of this risk rendered his guilty pleas unknowing, involuntary, and unintelligent.

## Standard of Review

■■■ We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035; *Carter v. State*, 215 S.W.3d 206, 208 (Mo.App. E.D.2007). The motion court's findings are presumed correct and will be overturned only if the ruling leaves the appel-

late court with a "definite and firm belief that a mistake has been made." *Bryant v. State,* 316 S.W.3d 503, 507 (Mo.App. E.D. 2010). After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary. *Id.*

 To warrant an evidentiary hearing, a motion for post-conviction relief must meet three requirements: (1) it must contain facts, not conclusions, which if true would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) movant was prejudiced thereby. *Id.* Where the guilty plea proceedings directly refute that a movant's plea was involuntary, movant is not entitled to an evidentiary hearing. *Id.; see also* Rule 24.035(h) (where motion, files, and case records conclusively show that movant is not entitled to relief, evidentiary hearing is not required).

## Discussion

**I. The motion court did not err in overruling Fujimoto's motion for post-conviction relief because the plea court was entitled to consider testimony from the State's witnesses at sentencing.**

Fujimoto first alleges error because the plea court allowed prejudicial testimony from "other victims and detectives" at the sentencing hearing over his objection. Fujimoto claims he would not have pleaded guilty had he known that the State would be permitted to introduce such expansive testimony at the sentencing hearing.

 As a preliminary matter, Fujimoto claims error when the plea court allowed

Det. McQuillen to testify that Fujimoto was a "sadist." The record indicates that Fujimoto objected at the sentencing hearing only to the testimony of Det. Cintel, and did not object to the testimony of Det. McQuillen. Therefore, Fujimoto's argument that Det. McQuillen's testimony was prejudicial is not preserved for appellate review. *See State v. Goins,* 306 S.W.3d 639, 645–46 (Mo.App. S.D.2010). We further note that Fujimoto did not raise any issues relating to the testimony of Det. Cintel in his motion for post-conviction relief; nor does he on appeal. Accordingly, we will only review Fujimoto's claims with regard to Hanrahan and Wright.[3]

Fujimoto asserts that Section 557.041 limits the evidence that may be presented during a sentencing hearing. Specifically, Fujimoto argues that Section 557.041 allows only the victim of the offense, and in limited cases, a family member of the victim, the right to appear personally at sentencing and testify. Section 557.041.2 states:

> At the time of sentencing of any person who has pled guilty or been found guilty of a felony offense, the victim of such offense may appear before the court personally or by counsel for the purpose of making a statement or may submit a written statement. The statement shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

---

**3.** Fujimoto also confuses Hanrahan for a victim in this case. Hanrahan was not a victim, but rather represented victims of sexual assault in the St. Louis community. However, because Fujimoto objected to Hanrahan's testimony at sentencing and included the argument in his motion for post-conviction relief, we will consider Fujimoto's point on appeal as it relates to Hanrahan.

Fujimoto interprets Section 557.041 as restricting who may testify, and argues the plea court erred in allowing Wright and Hanrahan to testify because they fall outside of the permitted class of witnesses. Fujimoto additionally claims the plea court erred by allowing Hanrahan to characterize Fujimoto as a "predator" in her testimony. Fujimoto argues that such testimony was not relevant and was unduly prejudicial because the State was not seeking sexual predator status.

It is well settled that Section 557.041 is intended to guarantee the right of victims to testify at a sentencing hearing and does not limit testimony from other witnesses the court deems appropriate. *See Sharp v. State,* 908 S.W.2d 752, 756 (Mo.App. E.D.1995)(holding statute does not prohibit victim from making a specific sentencing recommendation); *Figgins v. State,* 858 S.W.2d 853, 856 (Mo.App. W.D.1993)(finding no error in allowing representative of Mothers Against Drunk Driving to testify at the sentencing hearing); *Edwards v. State,* 794 S.W.2d 249, 251 (Mo.App. W.D.1990)(holding statute does not preclude victim's family from testifying as to the difficulties encountered by victim following accident). The statute does not restrict or modify the common law rule that "[a] judge may appropriately conduct an inquiry, broad in scope, largely unlimited in nature either as to the kind of information he may consider, or the source from which it may come." *Sharp,* 908 S.W.2d at 756 (*quoting Figgins,* 858 S.W.2d at 856). In fact, a plea court may admit "whatever evidence it deems helpful ... in assessing punishment," including evidence of a defendant's prior criminal conduct. *State v. Winfield,* 5 S.W.3d 505, 515 (Mo. banc 1999); *see also State v. Malone,* 694 S.W.2d 723, 727 (Mo. banc 1985) (finding that, at sentencing, "[e]vidence of prior offenses, including details

that reflect their seriousness, is relevant and not inadmissible because it arguably prejudices the defendant").

Here, the plea court did not err in allowing the testimony of Hanrahan, who appeared as a representative of the YWCA and testified as to the effects of sexual violence on the St. Louis community. The plea court also did not err in accepting the testimony of Wright, who spoke about the stress and fear she suffers because of Fujimoto. In its conclusions of law, the motion court found that the plea court considered the extremely serious nature and circumstances of the crimes committed against the victim in determining Fujimoto's sentence. Hanrahan and Wright's statements were relevant to the plea court's sentencing determination and it was not error for the plea court to allow and consider their testimony.

Moreover, we are mindful that the plea court expressly cautioned that it would carefully follow Missouri law when considering each speaker's testimony and in making a sentencing ruling. Even if Hanrahan's characterization of Fujimoto as a "predator" was prejudicial, this Court will not second guess the plea court's consideration of the testimony presented at sentencing because "trial courts are presumed not to consider improper evidence when sentencing the defendant." *State v. Richardson,* 923 S.W.2d 301, 319 (Mo. banc 1996).

We also note that although Fujimoto claims he would not have pleaded guilty had he known the State would be permitted to put on a "mini-trial" at sentencing, Fujimoto does not allege any misadvice from plea counsel or the plea court that would render his plea unknowing and involuntary. Fujimoto does not claim that plea counsel or the plea court erred in failing to inform him, prior to the entry of

his guilty pleas, that the plea court could consider a broad range of information in determining his sentence, nor does he cite any law indicating they were required to do so. Point One is denied.

## II. The motion court did not err in failing to inform Fujimoto of the collateral consequences of pleading guilty.

Fujimoto's second point on appeal is premised wholly upon the fact that the plea court did not inform him prior to his plea that forcible rape and forcible sodomy were sexually violent offenses under the Sexually Violent Predator Act ("SVPA"), and that by pleading guilty to these offenses Fujimoto risked possible involuntary civil commitment. Fujimoto asserts the court's failure to inform him of the consequences of his plea rendered his guilty pleas unknowing, involuntary, and unintelligent.

■■■ Missouri cases are clear that a "trial court is required to inform a movant of only the direct consequences of pleading guilty." *Carter*, 215 S.W.3d at 210. Direct consequences of guilty pleas are consequences that are "definitely, immediately, and largely automatically follow the entry of [a] guilty plea." *Morales v. State*, 104 S.W.3d 432, 435 (Mo.App. E.D.2003). Missouri courts have consistently held that a potential future civil commitment under the SVPA is not a direct consequence of pleading guilty, but is a collateral consequence to a guilty plea. *See, e.g., id.; Carter*, 215 S.W.3d at 210. In *Morales*, this Court reasoned that neither the SVPA nor the statutes on forcible rape or forcible sodomy mandate a defendant's classification as a sexually violent predator as a result of his or her guilty plea. *Id.* Rather, to be classified as a "sexually violent predator," a person must be found to have a "mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility." Section 632.480. As described in *Morales*, the determination as to whether a person is a sexually violent predator requires an individualized, multi-layered assessment ending in a trial by bench or jury, which determination is appealable. *See Morales*, 104 S.W.3d at 436–37. Civil commitment is not an automatic, definite, or mandatory consequence of pleading guilty to a sexually violent offense. *Id.*

■■■ Here, the plea court was not required to inform Fujimoto of the possibility of future civil commitment prior to his guilty plea. Fujimoto will not "automatically and definitely" be classified as a sexually violent predator at the conclusion of his sentence as a direct result of his guilty pleas to forcible rape and forcible sodomy. *See* Sections 632.480–632.495. Furthermore, the record lacks evidence that Fujimoto suffers from a mental abnormality that would classify him as a "sexually violent predator" at the time of sentencing. *See* Section 632.480. We understand Fujimoto's concern that the State may have attempted to lay the groundwork for future civil commitment proceedings with Det. McQuillen's testimony that Fujimoto has a "sadistic character" and Hanrahan's testimony that Fujimoto is a "predator." However, such testimony merely constituted lay opinions of Fujimoto's character as opposed to medical conclusions as to the existence of a psychological abnormality.

Aware that Missouri law does not support his claim for relief, Fujimoto asks this Court to disregard *Morales* and its holding, and instead adopt the holding of the New Jersey Supreme Court in *State v. Bellamy*, 178 N.J. 127, 835 A.2d 1231 (2003). The court in *Bellamy* found that although civil commitment under the New Jersey Civil Commitment Act is a collateral consequence of pleading guilty,

fundamental fairness under due process required the trial court to inform the defendant of the possibility of civil commitment prior to his plea. *Bellamy*, 835 A.2d at 1238. While we acknowledge the holding of the New Jersey court, this Court has previously considered and rejected *Bellamy* and the direction of the New Jersey Supreme Court. *See Carter*, 215 S.W.3d at 210. In *Carter*, we determined that due process in Missouri requires that a person "who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *Id.* (*quoting State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998)). In order to enter a plea knowingly and voluntarily, a defendant must be aware of the direct consequences of his plea. *Id.* The court is not required to inform a defendant of any collateral consequences to the guilty plea. *Id.* Finding precedent for our holding under Missouri law, this Court in *Carter* expressly rejected the suggestion that we look to *Bellamy* for guidance. *Id.* at 211. We find no reason to diverge from the well-reasoned course Missouri courts have followed.

Because the plea court was not required to inform Fujimoto of the potential for future civil commitment under the SVPA, Fujimoto has failed to allege facts, unrefuted by the record, entitling him to relief. Therefore, the motion court did not clearly err in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Point Two is denied.

*Conclusion*

The judgment of the motion court is affirmed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.