In the
 Missouri Court of Appeals
 Western District
 DANIEL FIELDS, )
 )
 Appellant, ) WD84506
 )
 v. ) OPINION FILED: March 29, 2022
 )
 STATE OF MISSOURI, )
 )
 Respondent. )

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable Marco Roldan, Judge

 Before Division One: Mark D. Pfeiffer, Presiding Judge, Karen King Mitchell, Judge
 and Gary D. Witt, Judge

 Daniel J. Fields (“Fields”) pled guilty, pursuant to a plea agreement, to two counts

of first-degree statutory sodomy in the Circuit Court of Jackson County. Following his

guilty plea, Fields received two fourteen-year terms of imprisonment to be served

consecutively. Fields filed a timely pro se motion to vacate, set aside, or correct judgment

and sentence pursuant to Rule 24.0351 claiming ineffective assistance of counsel during

the plea proceedings. Fields's appointed counsel filed a timely amended motion. After a

 1
 All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.
bifurcated evidentiary hearing, the Circuit Court ("motion court") denied Fields's motion,

and this appeal followed. Finding no error, we affirm.

 Factual Background

 Fields, who was 41 years old at the time of the offenses in 2018, was charged with

two counts of first-degree statutory sodomy for placing his genitals in the hand of a minor

less than twelve years of age for purposes of sexual gratification, and one count of first-

degree sodomy for placing his genitals in the mouth of a minor less than twelve years of

age for purposes of sexual gratification. Pursuant to the plea agreement, the State

dismissed the first-degree sodomy charge, and Fields entered a plea of guilty to the two

counts of first-degree statutory sodomy. Consistent with the terms of the plea agreement,

the trial court sentenced Fields to fourteen years on each count to be served consecutively

for a total of twenty-eight years of imprisonment, with the possibility of parole after

completion of eighty-five percent of the sentence.

 During the plea and sentencing proceeding, Fields testified under oath that he fully

understood the terms of the plea agreement as discussed with his counsel and that he was

fully satisfied with his counsel’s representation. The plea court then questioned Fields

about the factual basis of his guilty plea, and Fields made no indication that he did not

understand the offenses for which he was pleading guilty or recommended sentence

pursuant to the plea agreement.

 Following his guilty plea, Fields filed a timely pro se motion to vacate, set aside, or

correct judgment pursuant to Rule 24.035. Fields's appointed counsel then filed a timely

amended motion. In Fields's amended motion, he argued his counsel failed to adequately

 2
inform him of the collateral consequences of his plea. During the evidentiary hearing,

Fields testified that his plea counsel never informed him that, following the completion of

his sentence, his conviction could result in a civil lifetime commitment to the Missouri

Department of Health (“MDH”) as a sexually violent predator (“SVP”) pursuant to

Sections 632.480- 632.498.2 Fields stated that he would not have accepted the plea offer

had he known about the possibility of future civil commitment.

 At the evidentiary hearing, Fields's plea counsel testified that Fields accepted the

plea offer on a date initially set for a Section 491 hearing.3 Although Fields's plea counsel

testified at the evidentiary hearing, she was not asked whether she informed Fields of the

possible collateral consequence of civil commitment as an SVP.

 The motion court denied Fields's motion and found Fields's testimony was not

credible. On appeal, Fields solely argues that the motion court erred in denying his motion

because he received ineffective counsel in that plea counsel failed to advise him of the

possibility of involuntary commitment as an SVP.

 Standard of Review

 A movant bears the burden of proving entitlement to postconviction relief by a

preponderance of evidence. Rule 24.035(i). This Court presumes that the findings and

conclusions of the motion court are correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo.

banc. 1991). Our limited standard of review in this case allows us only to determine

 2
 All statutory references are to RSMo. 2016, as updated by the most recent supplement unless otherwise
indicated.
 3
 A hearing pursuant to section 491.075, outside of jury's presence, to determine the reliability of a
statement given by either a vulnerable person or a person under fourteen years of age regarding offenses under
chapters 565, 566, 568, or 573.

 3
whether the motion court’s decision was clearly erroneous based on its findings of fact and

conclusions of law. Rule 24.035(k); Eichelberger v. State, 71 S.W.3d 197, 199 (Mo. App.

W.D. 2002). Findings of fact or conclusions of law are clearly erroneous only when the

Court has reviewed the entire record and is left with a "definite and firm impression" that

a mistake was made. Wilson, 813 S.W.2d at 835.

 Discussion

 Fields's only point on appeal alleges that the motion court erred in denying his

motion because he received ineffective assistance from his plea counsel that violated his

rights under the Sixth and Fourteenth Amendments to the United States Constitution as

well as his rights under Article I, Sections 10 and 18(a) of the Missouri Constitution. Fields

argues that plea counsel was ineffective in failing to advise him that by pleading guilty, he

would also face the possibility of civil commitment as an SVP following the completion

of his prison term. Fields asserts that this failure by his plea counsel led him to plead guilty

unknowingly and therefore involuntarily.

 The Sixth Amendment, as applied to the states by the Fourteenth Amendment,

guarantees the fundamental right to counsel to all defendants in state criminal proceedings.

Gideon v. Wainwright, 372 U.S. 335, 342-44 (1963). Additionally, the Missouri

Constitution guarantees the right to due process in Article 1, Section 10, and the right to

counsel in Article 1, Section 18(a). The right to “assistance of counsel” requires effective

assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984). To obtain postconviction

relief for ineffective assistance of counsel, a movant must prove by preponderance of

evidence that (1) his counsel failed to utilize the level of skill and diligence of a reasonably

 4
competent attorney, and (2) he was prejudiced by this failure. Johnson v. State, 406 S.W.3d

892, 898-99 (Mo. banc 2013). A defendant must show that the representation provided by

counsel fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688.

 The movant bears the burden of overcoming the strong presumption that counsel

exercised reasonable and effective conduct in their representation. Johnson, 406 S.W.3d

at 899; Smith v. State, 370 S.W.3d 883, 886 (Mo. banc 2012). Overcoming this

presumption requires the movant to identify "specific acts or omissions of the counsel that,

in light of all the circumstances, fell outside the wide range of professional competent

assistance." Johnson, 406 S.W.3d at 899 (citing Zink v. State, 278 S.W.3d 170, 176 (Mo.

banc 2009)).

 The Sixth Amendment right to assistance of counsel applies to plea proceedings.

Barber v. State, 609 S.W.3d 795, 800 (Mo. App. W.D. 2020); Taylor v. State, 497 S.W.3d

497 S.W.3d 342, 349 (Mo. App. W.D. 2016). A defendant is entitled to effective assistance

of competent counsel before entering into a plea agreement. Barber, 609 S.W.3d at 800.

A defendant's guilty plea must be entered into knowingly and voluntarily. Id.

 Plea counsel is obligated to inform the defendant of the direct consequences of

pleading guilty. Morales v. State, 104 S.W.3d 432, 435 (Mo. App. E.D. 2003). Direct

consequences are those that "definitely, immediately and largely automatically follow the

entry of guilty plea." Id. Counsel has no obligation to inform the defendant of the collateral

consequences of accepting a plea agreement. Id. Civil commitment under Missouri’s SVP

statutes presents a possible collateral consequence of convictions to certain crimes such as

rape and sodomy. Id. at 437. Civil commitment as an SVP is not a definite or immediate

 5
consequence that automatically follows a conviction for one of the applicable offenses. Id.

A failure by counsel to advise a defendant on the collateral consequences of a guilty plea

does not constitute ineffective assistance of counsel. Id. at 435.

 Fields testified at the motion hearing that his plea counsel did not inform him that

civil commitment as an SVP could subsequently result from his acceptance of the plea

agreement. However, the motion court found Fields's testimony not to be credible, and

Fields failed to ask plea counsel if she had disclosed this as a possible consequence of

entering into the plea agreement. Even if we were to assume that plea counsel did in fact

fail to inform Fields of the SVP process, counsel’s failure to communicate the collateral

consequence of possible civil commitment as an SVP does not render counsel ineffective.

Fujimoto v. State, 407 S.W.3d 656, 663 (Mo. App. E.D. 2013).

 Fields asks this Court to expand the analysis of Padilla and find that counsel's failure

to advise a defendant of the risk of lifetime commitment as an SVP falls below the standard

of a reasonably competent attorney and is therefore ineffective. In Padilla, the United

States Supreme Court reversed a denial of postconviction relief based upon ineffective

assistance of counsel because plea counsel’s failure to inform the defendant about the risk

of deportation did not constitute reasonable assistance of counsel. Padilla v. Kentucky, 559

U.S. 356, 369 (2010). In Padilla, plea counsel not only failed to inform the defendant of

the presumptively mandatory deportation based upon the type of charge that defendant was

pleading guilty, plea counsel affirmatively informed the defendant that he need not be

concerned about deportation based on the extended length of time (40 years) the defendant

had legally resided in the United States. The Supreme Court did not utilize nor find it

 6
necessary to address the direct versus collateral consequences dichotomy of plea

consequences because of the "unique nature of deportation." Id. at 357. In Padilla, the

Supreme Court held that deportation has an intimate relation to the criminal process making

it "uniquely difficult to classify as either a direct or a collateral consequence." Id. The

Supreme Court found that based upon the "succinct, clear, and explicit" nature of the

immigration statute making Padilla's deportation presumptively mandatory following a

conviction for the particular charge for which he was entering a guilty plea, coupled with

his counsel's inaccurate advice regarding deportation, fell below constitutionally competent

counsel. Id. at 368. The Court further held in situations where the deportation

consequences of a plea are unclear, counsel must advise the noncitizen that the criminal

charge or conviction may carry immigration consequences. Id. When the consequence of

deportation is clear, counsel must truthfully advise the defendant. Id. at 375.4

 Unlike Padilla, the consequence of civil commitment under SVP statutes is not

"uniquely difficult" to classify as direct or collateral nor is an SVP commitment a

"presumptively mandatory" consequence of Fields's conviction. Missouri cases are clear

that civil commitment under SVP statutes is only a possible collateral consequence of a

guilty plea. See Morales, 104 S.W.3d at 437. Unlike the mandatory deportation of the

defendant in Padilla, Fields faces a mere possibility of civil commitment if he is later

civilly determined to fall within the parameters of Missouri's SVP statutes.

 To commit an offender to DMH for control, care, and treatment, "Missouri's
 SVP statute requires a finding that ... the individual 1) has a history of past

 4
 In Padilla, the matter was remanded for a determination of prejudice as that question had not been
addressed below. Id. at 374.

 7
 sexually violent behavior; 2) a mental abnormality; and 3) the abnormality
 creates a danger to others if the person is not incapacitated." Murrell, 215
 S.W.3d at 105; see also § 632.480(5), RSMo Supp. 2017. "[D]ue process
 requires that the 'mental abnormality' and 'dangerousness' be inextricably
 intertwined, such that 'involuntary civil confinement [is limited] to those who
 suffer from a volitional impairment rendering them dangerous beyond their
 control.'" Murrell, 215 S.W.3d at 104 (alterations in original) (quoting
 Kansas v. Hendricks, 521 U.S. 346, 358, 117 S.Ct. 2072, 138 L.Ed.2d 501
 (1997)). To ensure constitutional validity, the Act requires a finding of future
 dangerousness linked to the existence of a "mental abnormality" that causes
 the individual serious difficulty controlling his behavior. Id. (citing Thomas
 v. State, 74 S.W.3d 789, 791-92 (Mo. banc 2002)).

 Matter of D.N., 598 S.W.3d 108, 117-18 (Mo. banc 2020). Unlike the automatic

nature of mandatory deportation based upon convictions for certain criminal offenses, the

determination of civil commitment as an SVP would require significant additional findings

at a separate hearing, independent from that of the conviction. See section 632.489.2.

 Fields argues that civil commitment is more than a possibility because defendants

with less serious convictions have received lifetime civil commitments under the SVP laws.

Fields argues his conviction makes civil commitment as certain as deportation for foreign

nationals with criminal convictions. However, as Padilla noted "recent changes in our

immigration law have made removal nearly an automatic result for a broad class of

noncitizen offenders" such as Padilla. Padilla, 559 U.S. at 366. The motion court correctly

noted the collateral consequence of civil commitment remains speculative and a mere

possibility because Fields must be evaluated post-sentence before any civil commitment

decisions are determined. See Morales, 104 S.W.3d at 435-36. "[T]he well-established

principle that plea counsel is not ineffective for failing to inform a defendant of the

collateral consequences of a guilty plea is unaffected by Padilla v. Kentucky, 559 U.S. 356,

 8
130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)." Cranford v. State, 575 S.W.3d 791, 794 (Mo.

App. W.D. 2019) (internal citations and quotation marks omitted). Therefore, we reject

Fields's invitation to overturn Missouri precedent regarding the direct consequences versus

collateral consequences as it pertains to claims of ineffective assistance of counsel alleging

the failure to advise regarding possible civil commitment under SVP statutes and instead

continue to follow the holdings of Morales and Fujimoto.

 Even if Fields's plea counsel fell below an objective level of reasonableness, to

establish the prejudice prong of the Strickland test, a movant must prove that a reasonable

probability exists that "but for" counsel’s errors the proceeding would have had a different

result. Johnson, 406 S.W.3d at 899. Ineffective assistance of counsel in connection with

a plea is material only when counsel’s performance has rendered the plea involuntary or

unknowing. Mitchell v. State, 510 S.W.3d 366, 372 (Mo. App. E.D. 2017).

 To obtain postconviction relief based on ineffective assistance of counsel, a movant

must prove both prongs of the Strickland test. Cooper v. State, 621 S.W.3d 624, 632 (Mo.

App. W.D. 2021). A court is not required to address both components of the Strickland

test if the movant makes an insufficient showing on either prong. Id. In addition, the

motion court has no requirement to believe movant's testimony. State v. Sanders, 945

S.W.2d 449, 453 (Mo. App. W.D. 1997). This Court defers to the determination of

credibility provided by the motion court. Id.

 Fields testified at the evidentiary hearing that he would not have entered into the

plea agreement had he known about the collateral consequence of possible civil

commitment. However, the motion court found Fields's testimony about the involuntary

 9
nature of his plea to be not credible, a finding to which we defer. Accordingly, Fields

failed to establish prejudice.

 Conclusion

 For the above stated reasons, the judgment of the motion court is affirmed.

 __________________________________
 Gary D. Witt, Judge

All concur

 10