Stephen BROWN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79385.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 2002.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Movant, Stephen Brown, Jr., appeals from the judgment denying, without an evidentiary hearing, his Rule 24.035 motion for post-conviction relief. We affirm.

Movant pleaded guilty to the class B felony, possession of a controlled substance with intent to sell, section 195.211 RSMo. 1994. At the sentencing hearing, movant's counsel requested the court to consider the "120–day call back program." *See* section 559.115 RSMo.2000. The court denied the request and sentenced movant in accordance with the plea agreement to ten years imprisonment.

Movant timely filed a pro se Rule 24.035 motion for post-conviction relief. The court appointed counsel and an amended Rule 24.035 motion was filed. Movant alleged that his counsel rendered ineffective assistance by failing to advise him that he was eligible for the 120 day "call back" program under section 559.115. Movant further alleged that if he had known he was eligible for the 120 day "call back," "he would have refused to plead guilty pursuant to the 10 year deal offered by the state, and would have insisted on going to trial." The motion court found that as a matter of discretion it denied movant's request for a 120 day "call back." The court stated that movant received the benefit of his plea bargain and failed to demonstrate how he was prejudiced. The court also found that movant's plea was knowing and voluntary. The court entered judgment, denying movant's amended motion without an evidentiary hearing. Movant appeals from this judgment.

Appellate review of the court's denial of a movant's Rule 24.035 motion is limited to determining whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k). An evidentiary hearing is not required if the court determines that the motion, files and records of the case conclusively show that a movant is entitled to no relief. Rule 24.035(h).

In his sole point on appeal, movant argues that the motion court clearly erred in denying his motion without an evidentiary hearing as this violated his rights to due process and effective assistance of counsel. Movant contends that his plea was involuntary, unknowing and unintelligent because his counsel failed to advise him that he was eligible for the "call-back" program under section 559.115.

To show that counsel's assistance was so defective as to require reversal, a movant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *State v. Nunley,* 980 S.W.2d 290, 292 (Mo. banc 1998). To show prejudice where a movant entered a guilty plea, the movant must show that,

but for counsel's errors, movant would not have pleaded guilty and would instead have insisted on going to trial. *Id.* Once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent it affected the voluntariness of the plea. *Redeemer v. State,* 979 S.W.2d 565, 569 (Mo.App. W.D.1998).

 There is a basic duty imposed on counsel to discuss with a defendant the possible consequences involved in the case, including the range of possible punishment. *Estes v. State,* 950 S.W.2d 539, 543 (Mo.App. E.D.1997). But counsel only has an obligation to inform a defendant of the direct consequences of a guilty plea and has no duty to inform a defendant of the collateral consequences of pleading guilty. *Redeemer,* 979 S.W.2d at 572; *Price v. State,* 974 S.W.2d 596, 599 (Mo.App. E.D. 1998).[1] Accordingly, counsel's failure to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. *Id.*

At issue here is whether the probation provisions of section 559.115 are a direct or collateral consequence of movant's guilty plea. Section 559.115.2 provides:

A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior dur-

ing the period of incarceration. Except as provided in this section, the court may place the defendant on probation in a program created pursuant to section 217.777, RSMo, or may place the defendant on probation with any other conditions authorized by law.

Rule 24.02(b) sets forth the "Advice to [a] Defendant" that a court must give prior to accepting a defendant's guilty plea. The Rule provides:

(b) **Advice to Defendant.** Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

---

**1.** Example of collateral consequences of a guilty plea include parole eligibility, right of crime victim or family of victim to be heard at sentencing, deportation proceedings and sentencing after probation revocation. *Reynolds v. State,* 994 S.W.2d 944, 946–47 (Mo. banc 1999); *Weston v. State,* 2 S.W.3d 111, 115–17 (Mo.App. W.D.1999); *State ex rel. Nixon v. Clark,* 926 S.W.2d 22, 25 (Mo.App. W.D. 1996); *Huffman v. State,* 703 S.W.2d 566, 567–68 (Mo.App.1986).

4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

The rights and results of pleading guilty that are provided in Rule 24.02 have been referred to as direct consequences of pleading guilty. *Redeemer,* 979 S.W.2d at 573. The list provided in Rule 24.02 does not include advising a defendant of the probation provisions of section 559.115.2.

▮ Direct consequences of guilty pleas have also been defined as consequences that definitely, immediately and largely automatically follow the entry of a guilty plea. *Id; Sadler v. State,* 965 S.W.2d 389, 391 (Mo.App. E.D.1998). A defendant is not, as a matter of right, entitled to probation under the terms of section 559.115. Rather, the court has discretion to grant probation pursuant to the statute. *Brown v. Gammon,* 947 S.W.2d 437, 441 (Mo.App. W.D.1997). Accordingly, the probation provisions of section 559.115.2 do not definitely, immediately and largely automatically follow the entry of a guilty plea and therefore are a collateral consequence of a guilty plea. Movant's counsel did not render ineffective assistance by failing to inform movant of the collateral consequence of possible probation under section 559.115.[2] Movant's point is denied.

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., concur.

---

2. Movant did not allege that his counsel made any misrepresentations regarding section 559.115, but only alleged that counsel failed to inform him he was eligible for the "pro-gram" under section 559.115. *See Copas v. State,* 15 S.W.3d 49, 55–56 (Mo.App. W.D. 2000); *Redeemer,* 979 S.W.2d at 572.