Scott D. BARMORE, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 80470.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 26, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 2003.

Case Transferred to Supreme Court
April 1, 2003.

Case Retransferred to Court of
Appeals Oct. 28, 2003.

Original Opinion Reinstated
Nov. 7, 2003.

Raymund Jared Capelovitch, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before WILLIAM H. CRANDALL, P.J., SHERRI B. SULLIVAN and GLENN A. NORTON, JJ.

GLENN A. NORTON, Judge.

Movant, Scott D. Barmore, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

On October 30, 1998, pursuant to a plea agreement, Movant pleaded guilty to one count of first degree robbery in violation of section 569.020, RSMo 2000 (Count I) and one count of second degree robbery in violation of section 569.030, RSMo 2000 (Count II). In the plea agreement, the State agreed to recommend sentences of ten years' imprisonment on Count I and five years' imprisonment on Count II and to not oppose Movant's request for probation. The plea agreement further stated that if probation were granted, certain special conditions would be attached. At the plea hearing, the court informed Movant about the nature of the charges against him and the statutory range of punishment for each offense, and explained that Movant was waiving his right to trial and the constitutional guarantees attached thereto. Movant stated he understood this information and continued to plead guilty. After the plea court accepted his plea, Movant requested that a pre-sentence investigation be conducted.

On January 15, 1999, the sentencing court, which was presided over by a different judge than the plea court, suspended imposition of sentence and placed Movant on probation with special conditions for five years. Just prior to granting probation, the sentencing court warned Movant that, if he violated his probation, the court could impose a sentence of up to thirty years or life imprisonment, the maximum sentence provided for by statute.

Fourteen months later, the court revoked Movant's probation and sentenced him to concurrent prison terms of twenty years and ten years, respectively.

Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief, which appointed counsel amended. The motion court denied movant's amended motion without an evidentiary hearing. The court reasoned that the record refuted Movant's factual allegations. Movant appeals.

Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous only if, after review-

ing the entire record, we are left with the definite and firm impression that a mistake has been made. *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999).

■■■ We will grant an evidentiary hearing to a movant only if: (1) his motion alleged facts, rather than conclusions, warranting relief; (2) the factual allegations were not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). If the files and records conclusively show that the movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h). After entering a guilty plea, a claim of ineffective assistance of counsel is material only to the extent it affected the voluntariness or understanding with which the plea was entered. *Rick v. State,* 934 S.W.2d 601, 605 (Mo.App. E.D.1996).

In his sole point relied on, Movant argues the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he entered his plea unknowingly and involuntarily, due to his attorney's ineffective assistance. He alleges that his attorney failed to inform him that if he violated his probation, the court could impose any sentence within the statutory range of punishment, including sentences greater than those the State recommended in the plea agreement. He further alleges that, had he known this information, he would have insisted upon going to trial instead of pleading guilty.

The State concedes that the motion court clearly erred in denying Movant an evidentiary hearing. However, we do not. Instead, we find no clear error, because Movant's factual allegations, even if proven true, do not warrant relief.

■■■ To prevail on a claim of ineffective assistance of counsel, Movant must show his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and Movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There is a basic duty imposed on counsel to discuss with a defendant the possible consequences involved in the case, including the range of possible punishment. *Brown v. State,* 67 S.W.3d 708, 710 (Mo.App. E.D.2002). But counsel only has an obligation to inform a defendant of the "direct" consequences of a guilty plea and has no duty to inform a defendant of the "collateral" consequences of pleading guilty. *Id.* Accordingly, counsel's failure to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. *Id.*

■■■ Direct consequences are those which "definitely, immediately, and largely automatically follow the entry of a guilty plea." *Huth v. State,* 976 S.W.2d 514, 516–517 (Mo.App. E.D.1998). Here, the prison terms imposed on Movant did not immediately or automatically follow his guilty plea. They were imposed only after and because Movant violated his probation. Therefore, we hold that Movant's re-sentencing following his probation violation was a collateral, not direct, consequence of his guilty plea. Both Missouri and other jurisdictions have reached similar conclusions. *Cf. Huffman v. State,* 703 S.W.2d 566, 567–68 (Mo.App. S.D.1986)("the sentencing alternatives open to the trial court should the defendant violate his parole [were collateral consequences]"); *Parry v. Rosemeyer,* 64 F.3d 110, 114–115 (3rd Cir. 1995). The *Parry* court explained,

[a] sentence of imprisonment upon revocation of probation is not generated by the plea but by the defendant's own unwillingness or inability to conform to the restrictions imposed as part of probation. Therefore, a term of imprison-

ment imposed in place of a revoked term of probation would be a direct consequence of violating a condition of probation, but not of pleading guilty. *Id.* Since Movant's counsel had no obligation to inform him about the potential consequences of violating probation, counsel's alleged failure to advise Movant about those potential consequences does not constitute ineffective assistance nor does it render his guilty plea involuntary.[1] *Brown,* 67 S.W.3d at 710.

We further reject Movant's assertion that, at the very least, the sentencing court should have afforded him the opportunity to withdraw his guilty plea after warning him the court could impose a sentence of up to thirty years or life imprisonment, if he violated probation. First, we note the sentencing court's warning was advisory, not mandatory. Like counsel, the court had no obligation to inform Movant of the collateral consequences of pleading guilty. *Price v. State,* 974 S.W.2d 596, 599 (Mo.App. E.D.1998). Second, we find Rule 24.02(d)(4), which Movant impliedly relies on, inapplicable. The Rule mandates that should the sentencing court reject the plea agreement reached by the parties, the court shall: a) inform the parties of this fact; b) advise the defendant personally the court is not bound by the plea agreement; c) afford the defendant the opportunity to withdraw his plea; and d) advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. Rule 24.02(d)(4). However, the sentencing court did not reject the plea agreement here. Although Movant eventually received prison terms greater than those expressed in the plea agreement, the probation revocation court, not the sentencing court, imposed those sentences. The sentencing court, on the other hand, placed Movant on probation, a disposition contemplated by the plea agreement. Movant received the benefit of his bargain. Therefore, Rule 24.02(d)(4) did not mandate the sentencing court afford Movant an opportunity to withdraw his plea. See, *Lawson v. State,* 757 S.W.2d 646, 647–648 (Mo.App. E.D.1988). Point denied.

We affirm the judgment of the motion court.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.

---

1. Movant did not allege, in his motion or his point relied on, that his counsel affirmatively misrepresented the potential consequences of violating his probation, but only alleged that his counsel remained silent. See *Copas v. State,* 15 S.W.3d 49, 55–56 (Mo.App. W.D. 2000).