

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| GREG HADDOCK, | ) | No. ED99747 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Pike County |
| vs. | ) | |
| | ) | Honorable T. Bennett Burkemper |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 18, 2014 |

### Introduction

Greg Haddock ("Haddock") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief following an evidentiary hearing. On appeal, Haddock claims the motion court clearly erred in denying his motion for post-conviction relief because he was denied constitutionally effective assistance of counsel. Specifically, Haddock alleges that plea counsel failed to advise him that he would have to successfully complete the Section 559.115[2] shock incarceration program in order to be released on probation. Because the probation provisions of Section 559.115 are collateral consequences of a guilty plea, plea counsel cannot be held ineffective for failing to advise about the terms of the shock incarceration

---

[1] All rule references are to Mo. R. Crim. P. (2011).
[2] All statutory references are to RSMo 2000.

program. Additionally, Haddock's claim is refuted by the record. We affirm the judgment of the motion of the court.

## Factual and Procedural History

Haddock was charged in Lincoln County with felony stealing, Section 570.030, second-degree assault, Section 565.060, and armed criminal action, Section 571.015. The State of Missouri ("State") subsequently dismissed the armed criminal action charge without prejudice. Haddock was also charged in two separate cases in Pike County with receiving stolen property, Section 570.080, second-degree burglary, Section 569.170, and stealing, Section 570.030.

On January 3, 2012, Haddock appeared with his counsel, Brian Sinclair ("Sinclair"), to plead guilty to the charges filed in both cases in Pike County. The State explained the plea negotiations as follows:

> Upon a plea of guilty the recommendation to the Court would be a sentence of five years on each count, to run consecutive with each other and consecutive with a Lincoln County case. . . . In addition, we would agree that the Court retain jurisdiction for 120 days. . . . 120 days shock. If he is released on probation after the 120 days, there would be issues of restitution that would need to be addressed at that time. Part of the agreement also, Your Honor, is that the State would not charge him as a prior and persistent offender.[3]

Haddock indicated that he understood the charges to which he was pleading guilty and the range of punishment. Haddock also admitted the factual basis for the charges recited by the State.

The plea court accepted Haddock's guilty pleas and sentenced him to a total of ten years' imprisonment. In accordance with the plea agreement, the sentences were entered pursuant to Section 559.115, the 120-day shock incarceration program. Referring to the 120-day shock incarceration program, the plea court asked Haddock, "Assuming you get – you successfully

---

[3] The parties later clarified that two of the Pike County charges were to run concurrently with each other but consecutively to the other Pike County case and consecutively to a sentence on Haddock's Lincoln County charges.

2

complete that, you will be placed on a period of five years supervised probation. Do you understand that?" Haddock confirmed that he understood, and further confirmed that his attorney explained the shock program to him.

Two days later, on January 5, 2012, Haddock again appeared before the plea court to plead guilty to the charges filed in Lincoln County. Haddock testified that he understood the charges to which he was pleading guilty and the range of punishment. He also admitted the factual basis for the charges recited by the State. The State then explained the plea negotiations as follows:

> The plea negotiation is to sentence the Defendant to – as to Count I, to sentence him to five years in the Department of Corrections, with 120 shock. As to Count II, sentence the Defendant to five years with 120 shock, and those two counts will run concurrent with each other. And Count III will be dismissed. And the sentences imposed in Counts I and II will run consecutive with the sentences that he has been convicted of – or the sentences that he has been given in Pike County.

The plea court accepted Haddock's guilty pleas and sentenced him to five years' imprisonment on each count, to run concurrently with each other but consecutively to Haddock's sentences for the Pike County convictions. The plea court then addressed Haddock and stated: "I'm going to retain jurisdiction under 559.115, the institutional – or the shock program. If you successfully complete that, you will be placed on probation after you get out of that. Do you understand that?" Haddock agreed that he understood.

In March 2012, Haddock was terminated from the shock incarceration program due to a conduct violation, and his sentences were ordered to be executed. On May 9, 2012, Haddock filed two Rule 24.035 motions for post-conviction relief, one in Pike County and one in Lincoln County. Both motions alleged that Haddock's guilty pleas were not knowing and intelligent in that he did not understand he was required to successfully complete the 120-day shock

3

incarceration program in order to be placed on probation. Because the same legal issue was raised in both cases, the cases were consolidated for one evidentiary hearing.

Following the evidentiary hearing, the motion court denied Haddock's motion for post-conviction relief. The motion court found that Haddock was aware at the time of his pleas that he was supposed to successfully complete the shock incarceration program in order to be eligible for probation at the conclusion of his shock time. The motion court concluded that Haddock was denied release due to his own conduct, and that he failed to demonstrate that plea counsel did not exercise the customary skill and diligence of a reasonably competent attorney. This appeal follows.

## Point on Appeal

In his sole point on appeal, Haddock alleges that the motion court erred in denying his Rule 24.035 motion for post-conviction relief because his plea counsel was constitutionally ineffective in failing to advise Haddock that he would have to complete certain requirements in the 120-day shock incarceration program. Haddock asserts that plea counsel's failure to fully explain the 120-day shock incarceration program rendered his guilty pleas unknowing and involuntary.

## Standard of Review

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035; Carter v. State, 215 S.W.3d 206, 208 (Mo. App. E.D. 2006). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a "definite and firm belief that a mistake has been made." Bryant v. State, 316 S.W.3d 503,

507 (Mo. App. E.D. 2010). "After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary." Id.

To prevail on a claim of ineffective assistance of counsel, a movant must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Rush v. State, 366 S.W.3d 663, 666 (Mo. App. E.D. 2012). The movant must first prove that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. Id.; Strickland, 466 U.S. at 687. Second, a movant must show that counsel's deficient conduct prejudiced him in that it is reasonably certain that, but for counsel's deficient conduct, the outcome of the proceeding would have been different. Rush, 366 S.W.3d at 666.

After a plea of guilty, however, a claim of ineffective assistance of counsel is immaterial except to the extent the conduct affects the knowing and voluntary nature of the guilty plea. Short v. State, 771 S.W.2d 859, 864 (Mo. App. E.D. 1989). "On a guilty plea, the movant claiming ineffective assistance of counsel must establish a serious dereliction of duty which materially affected his substantial rights and show that his guilty plea was not an intelligent or knowing act." Id.

Plea counsel has a duty to discuss the possible consequences involved in a guilty plea, including the range of possible punishment. Brown v. State, 67 S.W.3d 708, 710 (Mo. App. E.D. 2002). However, plea counsel's obligation is limited to informing a defendant of the direct consequences of a guilty plea; there is no duty to inform a defendant of the collateral consequences of pleading guilty. Id. "Accordingly, counsel's failure to advise a defendant

5

regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel." Id.

Here, Haddock claims that plea counsel was ineffective for failing to fully explain the terms of the 120-day shock incarceration program to him. Specifically, Haddock asserts that plea counsel did not inform him that he would be required to successfully complete the shock incarceration program and could be denied probation if he were unsuccessful. Haddock claims that had he known he was going to encounter a program with requirements he had to complete in order to be released on probation, he would not have pleaded guilty.

Section 559.115 grants the trial court authority to place a convicted offender temporarily in the custody of the Department of Corrections pursuant to a "120–day callback" program. Section 559.115; Irvin v. Kempker, 152 S.W.3d 358, 360-61 (Mo. App. W.D. 2004). "Upon the recommendation or order of the court, the [D]epartment of [C]orrections shall assess each offender to determine the appropriate one hundred twenty-day program in which to place the offender, which may include placement in the shock incarceration program or institutional treatment program." Section 559.115. Upon successful completion of such a program, the trial court may release the offender from prison and place him or her on probation. Irvin, 152 S.W.3d at 361.

In Brown v. State, this Court held that the probation provisions of Section 559.115 are collateral, rather than direct, consequences of a guilty plea. Brown v. State, 67 S.W.3d 708, 711 (Mo. App. E.D. 2002). In that case, the movant alleged his plea counsel was ineffective in failing to advise him that he was eligible for the 120-day callback program under Section 559.115. Id. at 709. We denied movant's claim, explaining that:

> [d]irect consequences of guilty pleas have . . . been defined as consequences that definitely, immediately and largely automatically follow the entry of a guilty

6

plea. A defendant is not, as a matter of right, entitled to probation under the terms of section 559.115. Rather, the court has discretion to grant probation pursuant to the statute. Accordingly, the probation provisions of section 559.115.2 do not definitely, immediately and largely automatically follow the entry of a guilty plea and therefore are a collateral consequence of a guilty plea.

Id. at 711 (internal citations omitted).

Here, the prison terms imposed on Haddock did not immediately or automatically follow his guilty pleas. Rather, they were imposed only after and because Haddock committed a conduct violation and was terminated from the shock incarceration program. Accordingly, the trial court's decision to deny probation under Section 559.115 and execute Haddock's sentences was a collateral, not direct consequence of his guilty pleas. See id.; see also Barmore v. State, 117 S.W.3d 113, 115 (Mo. App. E.D. 2002) (movant's re-sentencing following his probation violation did not immediately and automatically follow plea and therefore was a collateral, not direct, consequence of his guilty plea). Because plea counsel had no obligation to inform Haddock of the collateral consequences of his guilty pleas, plea counsel's alleged failure to advise Haddock about the terms of the shock incarceration program and the possibility that he could be denied probation does not constitute ineffective assistance nor does it render his guilty pleas involuntary. Brown, 67 S.W.3d at 710-11; see also Conley v. State, 301 S.W.3d 84, 90 (Mo. App. S.D. 2010) (finding plea voluntary though defendant was not informed that his conduct could cause loss of opportunity for probation under Section 559.115).

We also find that Haddock's claim is refuted by the record. The transcripts from both plea hearings indicate that the plea court informed Haddock he would be released on probation only if he successfully completed the 120-day shock incarceration program. Additionally, Haddock admitted at his evidentiary hearing that plea counsel never told him he would be released on probation "no matter what" after 120 days. Haddock acknowledged "I know if you

7

go acting like a knucklehead, I've got common sense enough to know that you're not going to get out." Accordingly, we find that Haddock knew he could be denied release due to his own conduct, which is what happened in his case.

We finally note that Haddock's brief on appeal contains a new argument not raised in his motion for post-conviction relief. For the first time on appeal, Haddock alleges that plea counsel affirmatively misinformed him about the shock incarceration program, thereby rendering his pleas involuntary. Haddock claims that plea counsel told him he would not encounter any treatment-like programs in shock incarceration, but once he entered the Boonville Correctional Center, he encountered such programs. Haddock asserts that had he known he would have to complete these requirements as part of his shock incarceration, he would not have pleaded guilty. Because this claim is absent from Haddock's motion for post-conviction relief, we cannot now consider it on appeal. McLaughlin v. State, 378 S.W.3d 328, 340 (Mo. banc 2012) (allegations not raised in motion for post-conviction relief are waived on appeal, and there is no plain error review in appeals from post-conviction judgments for claims not presented in the motion).

## Conclusion

Because the probation provisions of Section 559.115 are collateral consequences of a guilty plea, plea counsel was not required to advise Haddock that he could be denied probation if he failed to successfully complete the shock incarceration program. Moreover, it is clear from the record that Haddock knew he could be denied probation due to his own conduct. The judgment of the motion court is affirmed.

_____
Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs

8