

# In the Missouri Court of Appeals

# Eastern District

### DIVISION III

| | | |
|---|---|---|
| REGINALD TAYLOR, | ) | No. ED101114 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Carolyn C. Whittington |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 10, 2015 |

### Introduction

Appellant Reginald Taylor ("Taylor") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Taylor pleaded guilty to one count of domestic assault in the first degree and received a suspended sentence of five years' imprisonment. Taylor's probation was subsequently revoked and the trial court executed the five year sentence. On appeal, Taylor argues that the motion court clearly erred in denying his motion for post-conviction relief because Taylor alleged facts not conclusively refuted by the record which would entitle him to relief. Specifically, Taylor

---

[1] All Rule references are to Mo. R. Crim. P. (2013).

alleges he was denied effective assistance of counsel because he was assigned new appointed counsel after his preliminary hearing, and his new counsel was "disinterested" in trying the case, rendering his guilty plea involuntary. Because the record conclusively refutes Taylor's claim, the motion court did not clearly err in denying his Rule 24.035 motion without an evidentiary hearing. Accordingly, we affirm the judgment of the motion court.

Factual and Procedural History

The State charged Taylor with one count of domestic assault in the second degree. Brooke Curtis ("Curtis") was initially appointed as counsel for Taylor. Curtis served as Taylor's attorney until after his preliminary hearing and arraignment, at which point another public defender from the same office, Erica Nuyen ("Nuyen"), assumed responsibility for Taylor's defense. Nuyen served as Taylor's attorney during plea negotiations and the plea hearing.

On March 23, 2012, pursuant to plea negotiations with the State, Taylor pleaded guilty to one count of domestic assault in the second degree, and received a suspended sentence of five year's imprisonment and probation. At the plea hearing, the trial court asked Taylor several questions about his guilty plea and Nuyen's performance. Taylor confirmed that he understood the crime with which he was charged, that he had apprised Nuyen of all facts and circumstances surrounding the crime, and that Nuyen had fully explained the nature of the charged crime, including the elements and any possible defenses Taylor may have. The State then summarized the evidence it would have presented had the case gone to trial, which Taylor confirmed was correct. The trial court summarized the proposed plea agreement, including the terms associated with Taylor's proposed probation. Taylor stated that he understood the terms of the agreement and understood that if the trial court accepted his guilty plea, he would be placed on probation. Taylor further stated that he understood his probation could be revoked, resulting in the

2

execution of his jail sentence. The trial court confirmed that Taylor still wanted to move forward with his guilty plea, after which the following exchange occurred:

COURT: Has anyone made any promises or threats to you or to your family to induce you to plead guilty?

TAYLOR: No.

COURT: Has your attorney refused to comply with any of your requests?

TAYLOR: No.

COURT: Has your attorney answered all your questions?

TAYLOR: Yes.

COURT: Have you been given enough time to discuss your case with your attorney?

TAYLOR: Yes.

COURT: Do you have any complaints or criticisms of your attorney?

TAYLOR: No.

COURT: Do you know of anything she could have done that she hasn't?

TAYLOR: No.

COURT: Do you know of any witnesses she could have contacted but didn't?

TAYLOR: No.

COURT: Has your attorney investigated the case to your complete satisfaction?

TAYLOR: Yes.

COURT: Do you believe you have been fully advised by your attorney as to all aspects of your case, including your legal rights and the possible consequences of your plea?

TAYLOR: Yes.

COURT: Do you believe your attorney had adequately, completely and effectively represented you in your defense to this charge?

3

TAYLOR:  Yes.

The trial court then asked Taylor a series of questions to ensure that Taylor understood the rights he was giving up by pleading guilty rather than proceeding to trial, including the right to a trial by jury, the right to be represented by counsel at trial, and the presumption of innocence, among others.

The trial court accepted Taylor's guilty plea, finding that the plea had been "made voluntarily and intelligently, with a full understanding of the charge and the consequences of the plea and with an understanding of his rights attending a jury trial and the effect of a plea on those rights."  The trial court then sentenced Taylor to five year's imprisonment, suspended execution of the sentence, and placed Taylor on five years' probation.

On August 2, 2012, Taylor appeared before the trial court for a probation revocation hearing.  The trial court found that Taylor had violated the terms of his probation and executed his previously-imposed five year sentence.  Prior to sentencing, the trial court questioned Taylor about his representation by legal counsel.  Taylor confirmed that he was represented by both Curtis and Nuyen during his case.  Taylor had the following exchange with the trial court regarding their assistance:

COURT:  Did Ms. Nuyen do all the things that you asked her to do in representing you?

TAYLOR:  Yes.

COURT:  Was there any directive you gave her that she didn't follow?

TAYLOR:  No.

COURT:  With regard to the services provided to you by Ms. Curtis early in the case, did she do what you asked her to do?

TAYLOR:  Yes.

COURT:  And was there any direction that you gave her that she didn't follow?

4

TAYLOR:  Yes.

COURT:  And what was that?

TAYLOR:  About bonds and reduction of bonds and retaining information on the case.

COURT:  Okay.  And did you have sufficient opportunity to discuss your case with Ms. Nuyen before you entered your plea of guilty?

TAYLOR:  No.

COURT:  All right.  And what was it that you were not able to discuss with Ms. Nuyen?

TAYLOR:  The facts of the case of what evidence they had and searches for particular information.

COURT:  All right.  And let me ask you, did Ms. Nuyen enter into plea negotiations on your behalf?

TAYLOR:  Yes.

…

COURT:  Okay.  And did you agree with what was offered?

TAYLOR:  Yes.

COURT:  And was the offer, the five years in the custody of the Department of Corrections, and then the sentence suspended, execution of sentence, and be placed on probation?

TAYLOR:  Yes.

COURT:  And is that what you agreed to?

TAYLOR:  Yes.

…

COURT:  And once again, the sentence that the Court entered on March 23, 2012, that's what you agreed to?

TAYLOR: Yes.

COURT: Okay. Other than the plea bargaining that went on on your behalf, did Ms. Nuyen or did Ms. Curtis communicate any threats or promises to you to induce you to enter your plea of guilty?

TAYLOR: No.

COURT: Are you satisfied with the services rendered to you by Ms. Nuyen as your attorney whether or not you're satisfied with the outcome of the case?

TAYLOR: No.

COURT: All right. And are you satisfied with the services rendered to you by Ms. Curtis as your attorney whether or not you are satisfied with the outcome of the case?

TAYLOR: No.

The trial court found that no probable cause existed to believe that Taylor received ineffective assistance of counsel and concluded the hearing.

Taylor subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief. Counsel was appointed and filed an amended motion for post-conviction relief. In his amended motion, Taylor alleged that he was denied effective assistance of counsel because (1) he had insufficient time to discuss the case with counsel prior to pleading guilty, and (2) he was discouraged when Curtis was replaced by Nuyen, who seemed unfamiliar with the case. But for this ineffective assistance, Taylor maintained, he would not have pleaded guilty but would have insisted on going to trial. In support of his claim, Taylor alleged that he was dismayed and discouraged when his case was transferred from Curtis to Nuyen. Taylor also alleged that he felt Nuyen would not vigorously defend him at trial because he and Nuyen had only one meeting, during which Nuyen seemed more interested in negotiating a guilty plea than investigating the

6

case. Taylor further alleged that he did not have enough time to speak with Nuyen about the case prior to entering his guilty plea.

The motion court denied Taylor's request for an evidentiary hearing and entered its Findings of Fact, Conclusions of Law, Order, and Judgment denying Taylor's motion for post-conviction relief. The motion court concluded that Curtis and Nuyen provided effective assistance of counsel and that Taylor's claim of ineffective assistance was refuted by the record. The motion court focused on the statements made by Taylor at both the plea hearing and the probation revocation hearing, finding:

> [Taylor] stated he had enough time to speak with his attorney, that his attorney answered all his questions, that he was given enough time to discuss his case with his attorney, that he had no complaints with his attorney, and that he did not know of any witnesses she could have contacted. At the probation revocation hearing [Taylor] stated that both his attorneys did everything he asked of them. [Taylor's] point 8 is refuted on the record and is denied.

This appeal follows.

## Point on Appeal

In his sole point on appeal, Taylor contends that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because Taylor alleged facts not conclusively refuted by the record which would entitle him to relief in that Taylor was denied effective assistance of counsel, rendering his guilty plea involuntary. Specifically, Taylor claims that he was denied effective assistance of counsel, rendering his guilty plea involuntary, because (1) his attorney was switched after his preliminary hearing, and (2) the replacement attorney was disinterested in trying the case.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. Wooldridge v. State, 239 S.W.3d 151, 153-54 (Mo. App. E.D. 2007). The motion court's

7

findings and conclusions are presumptively correct and will be overturned only when this court, after reviewing the entire record, is left with a "definite and firm impression that a mistake has been made." Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010). After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary. Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998).

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id. Where a movant alleges ineffective assistance of counsel following a guilty plea, "[i]f an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing." Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993).

Discussion

Taylor claims that he was induced to plead guilty by virtue of having his attorney switched from Curtis to Nuyen, and then by Nuyen's perceived disinterest in the case. Taylor avers that he had insufficient time to discuss the case with Nuyen, and that Nuyen seemed unfamiliar with the case and more interested in negotiating a guilty plea than investigating Taylor's defense. Taylor maintains that but for these deficiencies in counsel's performance, he would not have pleaded guilty and would have instead insisted on proceeding to trial.

Taylor posits that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the motion court incorrectly concluded that Taylor's ineffective assistance claim was refuted by the record. Specifically, Taylor argues that the

8

motion court selectively read the record in reaching its conclusion. Taylor maintains that a comprehensive reading of the record, taking into account Taylor's complaints about Curtis and Nuyen at the probation revocation hearing, demonstrates that the record does not, in fact, refute Taylor's claim. We disagree.

In order to prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). When a claim of ineffective assistance of counsel follows a guilty plea, the claim of ineffective assistance is "immaterial except to the extent it impinges on the voluntariness and knowledge with which a [movant] pled guilty." Cain, 859 S.W.2d at 717. Prejudice exists if the movant can show that, but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial. May v. State, 309 S.W.3d 303, 306 (Mo. App. E.D. 2010).

In the context of a guilty plea, analysis of an ineffective assistance of counsel claim is limited to whether the alleged ineffective assistance impinged on the defendant's ability to make a knowing and voluntary plea of guilty. Evans v. State, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996). In other words, in order to prevail on an ineffective assistance of counsel claim following a guilty plea, a movant "must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." Id. Here, the record clearly and conclusively refutes Taylor's claim that his guilty plea was involuntary.

At the plea hearing, Taylor answered numerous specific questions posed by the trial court regarding the voluntariness of his plea and the effectiveness of counsel. Taylor repeatedly

9

affirmed that his plea was knowing and voluntary, and repeatedly stated that counsel had performed satisfactorily. Taylor stated that he understood the charge against him, that Nuyen had fully explained the elements of the crime and any possible defenses Taylor may have had, and that he fully understood the consequences of violating his proposed probation. Taylor also denied that anyone had made any promises or threats to induce him to plead guilty, confirmed that he understood the consequences of his guilty plea, and stated that he understood the various rights he was giving up by virtue of pleading guilty rather than proceeding to trial. Finally, Taylor repeatedly expressed satisfaction with counsel's performance, confirming that he had no complaints or criticisms of Nuyen and that Nuyen had complied with all of his requests, answered all of his questions, and had "adequately, completely, and effectively" represented him. Taylor also confirmed that he had been given enough time to discuss his case with Nuyen.

At the probation revocation hearing, Taylor again confirmed that his guilty plea was entered knowingly and voluntarily. Taylor confirmed that Nuyen had entered into plea negotiations on his behalf, and responded affirmatively when asked whether he agreed with the plea deal that was offered. He also twice confirmed that he agreed to the plea deal, and again confirmed that no one had threatened him or promised him anything to induce his guilty plea. Taylor additionally confirmed that Nuyen had done everything asked of her in representing him, and followed every directive given to her, but then expressed dissatisfaction with certain aspects of his representation. Taylor stated that he did not have sufficient time to discuss his case with Nuyen before pleading guilty, and was not satisfied with the services rendered to him by either Curtis or Nuyen.

A review of the entire record indicates that Taylor's guilty plea was made voluntarily and knowingly. Taylor repeatedly confirmed that he entered his guilty plea voluntarily, with a full understanding of both the charges against him and the consequences of the plea. The record thus

10

conclusively refutes Taylor's allegation that his guilty plea was involuntary. Accordingly, Taylor was not entitled to an evidentiary hearing, and the motion court did not clearly err in denying Taylor's motion without an evidentiary hearing.[2]

## Conclusion

The judgment of the motion court denying Taylor's Rule 24.035 motion for post-conviction relief without an evidentiary hearing is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[2] We further note that Taylor failed to allege specific facts which, if true, would entitle him to relief on his claim of ineffective assistance of counsel. None of the allegations made by Taylor with respect to counsel's performance constitute ineffective assistance of counsel. Taylor first alleged that he was denied effective assistance because his appointed counsel was switched during the course of his case. While Taylor did enjoy a constitutional right to be represented by appointed counsel, he had no right to be represented by a particular public defender, or to be represented only by a single attorney throughout the case. Wenzel v. State, 185 S.W.3d 715, 717 (Mo. App. S.D. 2006). Taylor therefore did not receive ineffective assistance of counsel simply by virtue of having his attorney switched from Curtis to Nuyen. Taylor also alleged that he was denied effective assistance because he had insufficient time to discuss the case with Nuyen, and because Nuyen "seemed unfamiliar" with the case and "seemed" more interested in negotiating a guilty plea than investigating the case. Taylor did not point to any specific errors or omissions by Nuyen in support of these generalized allegations. Such vague, conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. See Morrow v. State, 21 S.W.3d 819, 824 (Mo. banc 2000) ("Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the Strickland standard for ineffective assistance of counsel.").