

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

JOSHUA HACKMAN,       )       No. ED103334

      Appellant,       )       Appeal from the Circuit Court of
      )       St. Charles County, Missouri

vs.       )       1511-CC00004

STATE OF MISSOURI,       )       Honorable Ted House

      Respondent.       )       Filed: June 28, 2016

## OPINION

Pursuant to an agreement with the State, Joshua Hackman entered an *Alford* plea[1] to first-degree robbery arising out of an incident in which Hackman acted as a lookout while his accomplices stole money and alcohol from a liquor store while displaying and threatening the use of what appeared to be a deadly weapon in St. Charles County. Hackman was sentenced to ten years' imprisonment but his sentence was suspended and he was placed on five years' probation. While on probation Hackman was arrested and charged with drugs and weapons violations in the City of St. Louis, and the State moved to revoke Hackman's probation. Following an evidentiary hearing, the trial court revoked Hackman's probation and ordered execution of the previously imposed ten-year sentence.

---

[1] Pursuant to an *Alford* guilty plea, the defendant does not admit the acts of the crime but admits that in light of the State's evidence against him, he is likely to be found guilty beyond a reasonable doubt at trial. See *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Hackman filed a Rule 24.035[2] motion for post-conviction relief alleging that his trial counsel was ineffective for failing to advise him prior to his plea that if his probation was revoked he might not receive credit towards his sentence for the time he spent on probation. The motion court denied the motion without an evidentiary hearing, finding that since granting credit for time served on probation is discretionary with the trial court, it is a collateral consequence of a guilty plea and plea counsel was not required to advise Hackman on the issue. Because we do not find the motion court's findings and conclusions to be clearly erroneous, we affirm.

**Law**

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Taylor v. State*, 456 S.W.3d 528, 533 (Mo.App.E.D. 2015) (citing *Woolridge v. State*, 239 S.W.3d 151, 153-54 (Mo.App.E.D. 2007)). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Taylor*, 456 S.W.3d at 533. We presume that the motion court's findings are correct. *Id.* After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary. *Id.* (citing *Loudermilk v. State*, 973 S.W.2d 551, 553 (Mo.App.E.D. 1998)). Moreover, an *Alford* plea is treated the same as a guilty plea. *O'Neal v. State*, 236 S.W.3d 91, 95 (Mo.App.E.D. 2007) (citing *Nguyen v. State*, 184 S.W.3d 149, 152 (Mo.App.W.D. 2006)).

An evidentiary hearing is not required on every Rule 24.035 motion. See Rule 24.035(h). To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, which if true would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Barnett*

---

[2] All Rule citations are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

*v. State*, 103 S.W.3d 765, 769 (Mo.banc 2003) (citing *State v. Brooks*, 960 S.W.2d 479, 497 (Mo.banc 1997)). Where a movant alleges ineffective assistance of counsel following a guilty plea and an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing. *Taylor*, 456 S.W.3d at 533.

The two-pronged *Strickland* test is applied in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Zink v. State*, 278 S.W.3d 170, 175-76 (Mo.banc 2009). The movant must prove the following two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced. *Zink*, 278 S.W.3d at 175. The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id.* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.*

## Discussion

### A. The motion court did not clearly err in denying Hackman's ineffective assistance claim because it is not ineffective assistance of counsel to fail to advise regarding collateral issues such as possible probationary credits prior to a guilty plea.

Hackman claims that prior to his guilty plea his counsel erroneously failed to advise him that if he violated his probation, he might not get credit for the time he was on probation. We deny this point because Hackman's factual allegations do not warrant relief. Plea counsel had no duty to inform Hackman that he may not receive credit for the time he was on probation if he violated his probation and his sentence was imposed, and we decline Hackman's invitation to ignore current

3

Missouri law on ineffective assistance of plea counsel claims regarding advising about the collateral consequences of pleading guilty. See *Voegtlin v. State*, 464 S.W.3d 544, 555 (Mo.App.E.D. 2015) (noting that the well-established principle that plea counsel is not ineffective for failing to inform a defendant of the collateral consequences of a guilty plea is unaffected by *Padilla v. Kentucky*, 559 U.S. 356 (2010)).

While plea counsel has a duty to discuss the possible consequences involved in a guilty plea, plea counsel's obligation is limited to informing a defendant of the direct consequences of guilty plea, not collateral consequences. *Haddock v. State*, 425 S.W.3d 186, 189-90 (Mo.App.E.D. 2014). Direct consequences are those which definitely, immediately, and often automatically follow the entry of a guilty plea. *Barmore v. State*, 117 S.W.3d 113, 115 (Mo.App.E.D. 2002). Examples of direct consequences of a guilty plea are set forth in Rule 24.02(b) and include the range of possible punishment a defendant faces, that the defendant has the right to a jury trial, and that by pleading guilty, the defendant waives the right to a trial.[3] *Brown v. State*, 67 S.W.3d 708, 711 (Mo.App.E.D. 2002).

---

[3] Rule 24.02(b) sets forth:

> **(b) Advice to Defendant.** Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:
>
> 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> 2. If the defendant is not represented by an attorney, that defendant has the right to be represented by an attorney at every stage of the proceedings against defendant and, if necessary, one will be appointed to represent defendant; and
>
> 3. That defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and

4

Plea counsel has no duty to inform a defendant of the collateral consequences of a guilty plea. *Haddock*, 425 S.W.3d at 190. Examples of collateral consequences of a guilty plea include parole eligibility, the right of a crime victim or family member of victim to be heard at sentencing, and sentencing after probation revocation. *Brown*, 67 S.W.2d 710 n.1. Accordingly, the failure to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of ineffective assistance of counsel. *Id.*

In *Barmore*, this Court held that re-sentencing following a probation violation was a collateral consequence of a guilty plea. *Barmore*, 117 S.W.3d at 115. In *Brown*, this Court held that the probation provisions of section 559.115.2 which permit the circuit court to grant probation to a defendant anytime up to 120 days after a defendant has been delivered to the Missouri Department of Corrections are collateral consequences of a guilty plea. *Brown*, 67 S.W.3d at 711. In *Haddock*, this Court held that because the probation provisions of section 559.115 are collateral consequences of a guilty plea, plea counsel was not required to advise the defendant that he could be denied probation if he failed to successfully complete the shock incarceration program. *Haddock*, 425 S.W3d at 191.

At issue here is whether the probation provision of section 559.100.2[4] is a direct or collateral consequence of a guilty plea. Section 559.100.2 provides that the circuit court may, in its discretion, credit any period of probation as time served on a sentence, but a defendant is not entitled to credit for time served on probation. Accordingly, section 559.100.2 does not definitely,

---

cross-examine witnesses against defendant, and the right not to be compelled to incriminate himself or herself; and

4. That if defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty defendant waives the right to a trial.

[4] All citations to section 559.100 are to RSMo. Supp. (2014).

immediately, or automatically follow the entry of a guilty plea, and it is therefore a collateral consequence of a guilty plea about which plea counsel need not have advised Hackman. See *Brown*, 67 S.w.3d at 711; *Barmore*, 117 S.W.3d at 115; *Haddock*, 425 S.W.3d at 190. In fact, the court did not even consider whether to grant Hackman any probationary credit until Hackman violated his probation. *Barmore*, 117 S.W.3d at 115; *Haddock*, 425 S.W.3d at 190. Plea counsel had no obligation to inform Hackman that he may or may not receive credit for the time he spent on probation if he violated his probation and was re-sentenced, and this alleged failure does not render Hackman's guilty plea involuntary. *Barmore*, 117 S.W.3d at 116; *Haddock*, 425 S.W.3d at 190-91. Point denied.

## Conclusion

The motion court's judgment is affirmed.

James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.

6