

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MARKEL VASQUEZ, | ) | No. ED112191 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| v. | ) | Cause No. 22L6-CC00043 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Milan C. Berry |
| | ) | |
| Respondent. | ) | Filed: March 18, 2025 |

### Introduction

Markel Vasquez ("Movant") appeals the motion court's denial of his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] Movant argues that counsel was ineffective for unreasonably misadvising Movant prior to his guilty plea that he would not have to serve a prison sentence upon revocation of his probation. We affirm the judgment of the motion court.

### Factual and Procedural History

#### Facts

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

1

On March 11, 2020, Movant, his girlfriend, his brother, and another man drove to a home in Lincoln County, Missouri.[2] After arriving at the home, all four occupants got out of the vehicle. Movant's brother and the other man entered the home while wearing ski masks. One of the men had a firearm when they entered the home. Movant remained outside and acted as a lookout. While inside the house, the two men forcibly stole a safe or lockbox that was in the victim's possession.[3]

When the two men came out of the house, they re-entered the backseat of the car, and Movant "sped off" from the scene. A police officer pulled the car over in O'Fallon, Missouri. The safe or lockbox was found in the car.

Procedural History

In July 2020, Movant was indicted for robbery in the first degree and burglary in the first degree. In August 2020, Movant entered a guilty plea to robbery in the first degree. Pursuant to the parties' plea agreement, the State dismissed the charge of burglary in the first degree, and the plea court suspended imposition of sentence and placed Movant on a five-year term of probation.

*Guilty Plea and Revocation*

During the plea colloquy, the plea court reviewed Movant's "Acknowledgment of Rights and Petition to Enter Felony Plea of Guilty" with Movant. Movant acknowledged that he and plea counsel read each page of the petition to enter a guilty plea and accurately filled it out. In the form, Movant wrote that he understood the range of punishment included a term of imprisonment of between 10 and 30 years or life imprisonment. At the plea court's request, the

---

[2] The personal identifying information of witnesses and the victim has been omitted pursuant to RSMo § 509.520 (Supp. 2023).
[3] According to the victim's statement at the plea hearing, the men entered her house wearing ski masks, pointed a gun at her face, and laid hands on her grandson.

State also recited that "the range of punishment for a Class A felony is imprisonment in the custody of the Missouri Department of Corrections for a term of years not less than 10 years and not to exceed 30 years, or life imprisonment." The plea court asked Movant if he understood the range of punishment, and Movant stated he did. Movant also stated he had adequate time to consult with plea counsel and he was fully satisfied with counsel's services.

After hearing the factual basis for the plea and the victim's statement, the plea court told Movant that he was "going to get a chance" and the court would suspend imposition of sentence. The plea court explained that if Movant violated his probation and was sentenced to prison, "it's an 85 percent sentence. So . . . the stakes are very high at this moment." The plea court also asked Movant, "you understand if you mess that up, that can be 85 percent of a long sentence in [the] Department of Corrections?" Movant responded, "Yes, Your Honor." The petition to enter a guilty plea likewise stated that Movant knew his probation "may be revoked, and I may be required to serve time in that case . . .."

In April 2021, the State filed a motion to revoke Movant's probation for laws and drug violations due to Movant's arrest by St. Louis Metropolitan police officers for assault first degree and possession of marijuana and drug paraphernalia. The court revoked Movant's probation and sentenced him to 15 years in prison.

*Rule 24.035 Motion and Evidentiary Hearing*

Movant timely filed a Rule 24.035 motion. Counsel was appointed and timely filed an amended motion alleging that Movant's plea counsel was ineffective for "unreasonably misrepresenting and misadvising Movant Vasquez that he would not have to serve his sentence in the custody of the Department of Corrections." Movant more specifically alleged, "Plea counsel was ineffective for failing to advise Movant Vasquez before his guilty plea that if the

3

court later revoked his probation he would have to fulfill the requirements of his sentence in the department of corrections."

The motion court held an evidentiary hearing, at which Movant and his plea counsel testified. During cross-examination, Movant acknowledged the petition to enter a guilty plea stated that "robbery carries . . . 10-years to 30 years or life in prison." Movant claimed he signed the form without knowledge of that fact. Movant testified he did not read the form before signing it, and he signed it because he wanted to go home. According to Movant, plea counsel told him that the suspended imposition of sentence meant that he would not have a "backup" sentence. Finally, Movant asserted that he lied to the plea court during the entire plea colloquy.

Movant's plea counsel testified that, during the plea process, he explained everything to Movant, including the charges, offers, evidence, and Movant's options. Plea counsel testified that, on the day of the plea, he and Movant came in with a full understanding that Movant would receive a suspended imposition of sentence and would be released that day. Plea counsel confirmed he spoke with Movant several times prior to the plea to review the State's offer.

The motion court denied Movant's amended Rule 24.035 motion. First, the motion court found that Movant's claim was refuted by the record and Movant did not prove prejudice. Second, the motion court found Movant was not a credible witness, and that plea counsel was not ineffective because "no reasonableness standard exists for plea counsel to advise about collateral consequences of Movant's plea." Movant now appeals.

## Discussion

In his single point on appeal, Movant argues the motion court erred in denying his amended Rule 24.035 motion because counsel was ineffective for misadvising Movant prior to his guilty plea that he would not have to serve a prison sentence upon revocation of his probation. He refers in his brief however to "plea counsel's *failure* to explain to Mr. Vasquez

4

that he would be eligible for 10 or more years in prison." (emphasis added). Likewise, in his amended Rule 24.035 motion, Movant seems to claim that plea counsel was ineffective for both failing to advise, and misadvising, Movant before his guilty plea. Whether Movant's claim is that counsel failed to advise him or misadvised him, the claim fails.

## Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the circuit court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Gaines v. State*, 699 S.W.3d 262, 264 (Mo. App. E.D. 2024). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Id.* (quoting *Shepard v. State*, 658 S.W.3d 70, 75 (Mo. App. E.D. 2022)). "The motion court is free to believe or disbelieve any portion of the testimony, and we defer to the motion court's credibility determinations." *Dunn v. State*, 689 S.W.3d 822, 825 n.2 (Mo. App. E.D. 2024) (quoting *Winans v. State*, 456 S.W.3d 912, 916 (Mo. App. S.D. 2015)).

"The two-pronged *Strickland* test is applied in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel." *Hackman v. State*, 492 S.W.3d 669, 672 (Mo. App. E.D. 2016). "The movant must prove the following two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced." *Id.* "The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong." *Id.* "To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different." *Id.*

## Analysis

5

"While plea counsel has a duty to discuss the possible consequences involved in a guilty plea, plea counsel's obligation is limited to informing a defendant of the direct consequences of a guilty plea, not collateral consequences." *Hackman*, 492 S.W.3d at 673. "Direct consequences are those which definitely, immediately, and often automatically follow the entry of a guilty plea." *Id.* "The failure to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of ineffective assistance of counsel." *Id.* "If an attorney misadvises the defendant of the direct or collateral consequences of pleading guilty, the court may find that the defendant received ineffective assistance of counsel." *Allen v. State*, 233 S.W.3d 779, 784 (Mo. App. E.D. 2007).

In *Barmore v. State*, the defendant entered an open guilty plea to robbery charges. 117 S.W.3d 113, 114 (Mo. App. E.D. 2002). The defendant received a suspended imposition of sentence and five years of probation. *Id.* "Prior to granting probation, the sentencing court warned Movant that, if he violated his probation, the court could impose a sentence of up to thirty years or life imprisonment, the maximum sentence provided for by statute." *Id.* Later, the court revoked Movant's probation and sentenced him to concurrent prison terms. *Id.*

The defendant filed a Rule 24.035 motion alleging that his plea counsel was ineffective for failing to inform him that if he violated his probation, the court could impose any sentence within the statutory range of punishment. *Id.* at 115. This Court held the post-revocation prison term was a collateral consequence of the guilty plea. *Id.* "Movant's re-sentencing following his probation violation was a collateral, not direct, consequence of his guilty plea." *Id.* This Court made clear that "counsel's failure to advise a defendant regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel." *Id.* at 115-16.

6

In the circumstance presented here, *Barmore* is controlling. Movant's claim that counsel was ineffective for failing to advise Movant of potential collateral consequences of his guilty plea does not amount to ineffective assistance of counsel.

As to Movant's claim that he was affirmatively misadvised by plea counsel, the record does not support that claim. The only evidence to suggest that counsel affirmatively misadvised Movant is Movant's self-serving testimony at the Rule 24.035 hearing that counsel told him that the suspended imposition of sentence meant that he would not have a "backup" sentence. Unsurprisingly, given the remainder of the record, the motion court found Movant's testimony not credible. *See Dunn*, 689 S.W.3d at 825 n.2.

Otherwise, the evidence was that Movant was fully aware that he may have to serve a prison term if his probation was revoked. At the Rule 24.035 hearing, plea counsel testified that he explained everything to Movant. During the plea colloquy, Movant acknowledged that he and plea counsel read each page of the petition to enter a guilty plea and filled it out accurately. In the form, Movant wrote he understood that the range of punishment included a term of imprisonment of 10 to 30 years or life imprisonment. The State also recited the same range of punishment. Movant told the plea court he understood the range of punishment.

Then, the plea court, in an abundance of caution, explained that if Movant violated his probation and was sentenced to prison "it's an 85 percent sentence. So . . . the stakes are very high at this moment." The plea court asked Movant, "you understand if you mess that up, that can be 85 percent of a long sentence in [the] Department of Corrections?" Movant responded, "Yes, Your Honor." The petition to enter a guilty plea likewise stated that Movant knew his probation "may be revoked, and I may be required to serve time in that case . . .."

7

On this record, the trial court did not clearly err in finding that counsel did not misinform Movant regarding whether he would have to serve a prison sentence upon revocation of his probation. Nor did the trial court clearly err in concluding that counsel's performance conformed to the degree of skill and diligence of a reasonably competent attorney, and that Movant was not prejudiced by counsel's performance. *See Hackman*, 492 S.W.3d at 672.

The point is denied.

## Conclusion

We affirm the judgment of the motion court.

Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.